CULLEY *v.* FARM BUREAU MUTUAL INSURANCE
COMPANY OF INDIANA, INC.

[No. 28,213.   Filed October 21, 1946.]

484

*Scifres & Hollingsworth*, of Lebanon, for appellant.

*Fesler, Elam & Fauvre* and *Howard S. Young*, all of Indianapolis, and *Russell Richardson*, of Lebanon, of counsel, for appellee.

*Leo Kaminsky, Chas. W. Richards*, and *S. C. Kivett*, all of Indianapolis, and *Adney & Adney*, of Lebanon, *amici curae*.

STARR, J.—Appellant was injured in an automobile accident by being struck by a car owned by appellee, Orville Bailey. At the time of the accident the car was being driven by Orville Bailey's daughter, Mildred Bailey, a girl 14 years and 11 months of age who resided outside the corporate limits of a city or town. She was then operating the car in the business of her father. The accident occurred on a public highway in the City of Lebanon. At the time of the accident Orville Bailey, the owner, was insured under a liability policy issued by the appellee insurance company which contained the following exclusion clause:

"The company shall not be liable under this policy—(4) If bodily injury, property damage or collision occurs while the motor vehicle is being operated by any person in violation of the law as to age, or in any event under the age of fourteen years—."

Appellant sued said Orville Bailey and recovered a judgment against him. An execution on this judgment against Orville Bailey having been returned unsatisfied, appellant brought this action to recover of the appellee insurance company under its policy so issued to said owner, Orville Bailey. From a judgment against appellant this appeal is prosecuted.

At the time of the accident, it was unlawful to drive any motor vehicle upon a public highway of this state without a license from the state. § 48-458, Burns' 1940 Replacement. A child between the ages of 14 and 16 could not obtain a license to operate a motor vehicle but could obtain a permit to drive to and from school provided such child did not reside within the corporate limits of any city or town and attend a school located therein. § 47-449, Burns' 1940 Replacement. Also it was unlawful for any person having custody of a motor vehicle to permit any minor under the age of 18 to drive such vehicle upon the highway unless such minor had first obtained a permit. § 47-456, Burns' 1940 Replacement.

Section 39-4309, Burns' 1940 Replacement, dealing with casualty insurance, among other things provides, that no such policy as was issued here shall be issued to the owner of a motor vehicle "unless there shall be contained within such policy a provision insuring such owner against liability for damages for death or injury to person or property resulting from negligence in the operation of such motor vehicle in the business of such owner or otherwise, by any person legally using or oper-

ating the same with the permission expressed or implied of such owner." Said section further provides that the omission of this provision from any policy of insurance shall not render the same invalid but shall be deemed to include such provision.

Appellee defended this action on the ground that Mildred Bailey, a minor as set out above, was not driving to or from school when the accident occurred, but was acting as an agent and servant of her father and was operating said car without a license or permit.

Appellant bases his appeal on two principal contentions; first, that the exclusion clause above set out was not violated; and second, that the exclusion clause was inoperative because of § 39-4309, Burns' 1940 Replacement, the pertinent part of which we have herein set out.

It is our opinion that this exclusion clause was violated. *Shedd* v. *Automobile Ins. Co. of Hartford* (1935), 208 Ind. 621, 196 N. E. 227. The case last mentioned is similar to the case at bar except that the minor involved in that case was not eligible to receive a school permit due to the fact that she resided in a city and attended school therein. There are cases which hold that if at the time of the accident an unlicensed driver, such as Mildred Bailey, has reached the minimum age for a permit or license to operate a motor vehicle such operation is not in violation of law as to age. The weight of authority, however, is to the contrary. See *Brown* v. *Travelers Ins. Co.* (1939), 31 Cal. App. (2d) 1223, 87 P. (2d) 377 and cases cited therein. No such distinction was made in the case of *Shedd* v. *Automobile Ins. Co. of Hartford, supra.* That case was decided solely upon the ground that the motor vehicle was being operated by a person in violation of law as to age. The minority holding on this question does violence to an unambiguous exclusion clause of the

policy of insurance. This exclusion clause is not against public policy and is solely a matter of contract.

Appellant next contends that said § 39-4309, Burns' 1940 Replacement, prohibits said exclusion clause in the policy in that it makes the operation of the automobile legal when done with the consent of the owner. With this contention we cannot agree. This section of our statutes amounts to nothing more than an extended coverage for the benefit of the insured the same as though written into the policy. In speaking of this particular provision of our statutes it has been said:

> "It will be noted from a reading of this statute that the required provisions are for the protection of the *owner* of the car against liability. The mandate of this statute is that the owner shall be insured against liability from the negligent operation of his motor vehicle, whether operated in his business or otherwise.
>
> "It was the purpose of this statute to prevent the issuance in this state of insurance policies which afford only a limited coverage. If the owner of a motor vehicle purchases an insurance policy which purports to insure against liability for damages to person or property, the statute requires that such policy cover all liability of the owner for the negligent operation of such car which might be imposed upon such owner by operation of law. Such a contract of insurance, however, is with the owner of the car and is only required to insure such owner against liability for its negligent operation. . . . The mandatory provision of our statute, however, only requires that the owner of a motor vehicle who purchases such insurance shall be protected." *Spicklemeier* v. *T. H. Mastin Co.* (1939), 107 Ind. App. 350, 354, 355, 24 N. E. (2d) 797.

This liability for extension is subject to all other provisions of the policy which define the risks insured or excluded.

This section of our statutes is the same as § 109 of the New York Insurance Law enacted by the Legislature of New York in 1924 which was prior to our state adopting the same. How the courts of that state have construed it is therefore persuasive. The court of appeals of that state has held that the same does not prevent a limitation of coverage as the parties in the policy may agree, and therefore coverage may be limited by a provision in the policy for exclusion from liability while the car is being operated by any person "under the age limit fixed by law." *Dewitt* v. *Continental Casualty Co.* (1936), 269 N. Y. 474, 199 N. E. 765. In that case the court denied recovery where claimant was struck by an automobile driven by insured's daughter who was under the age fixed by law for driving an automobile and the policy contained an exclusion clause of the same purport as the one here involved.

In conclusion we hold that under the exclusion clause herein set out of the policy sued upon, the automobile was being operated by a person in violation of law as to age; that the contracting parties had the right to provide for such an exception from liability, and finally, that what amounts to an extension clause contained in the quoted part of the said § 39-4309, Burns' 1940 Replacement, does not prevent this limitation of coverage.

Judgment Affirmed.

Young, J. not participating.

NOTE.—Reported in 69 N. E. (2d) 19.