WILFRED TANTUM, JR., PLAINTIFF-APPELLANT, v. WILLIAM E. HURLEY, *ET AL.*, DEFENDANTS-RESPONDENTS.

CHARLESETTA HOPKINS, *ET AL.*, PLAINTIFFS-APPELLANTS, v. WILLIAM E. HURLEY, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued November 3, 1969 — Decided November 25, 1969.

512

Before Judges SULLIVAN, CARTON and HALPERN.

*Mr. John C. Givens* argued the cause for appellant Tantum (*Messrs. Parsons, Canzona, Blair & Warren,* attorneys).

*Mr. Samuel S. Sagotsky* argued the cause for appellants Hopkins.

*Mr. William O. Barnes, Jr.,* argued the cause for respondent.

The opinion of the court was delivered by

SULLIVAN, P. J. A. D. This appeal, involving the Unsatisfied Claim and Judgment Fund Law, is from an order of the trial court denying plaintiffs' application to have their judgments against a driver of an uninsured motor vehicle paid out of the Fund. The ruling was bottomed on the trial court's determination that none of the plaintiffs was a "qualified person" under the Fund Law.

The undisputed facts of the case are as follows. On April 14, 1965 plaintiff Wilfred Tantum, Jr. was the owner of a motor vehicle in which he was riding as a passenger and which was being driven by the plaintiff Charlesetta Hopkins. Her son John Hopkins was also a passenger in the automobile. On that date the automobile was involved in a

collision with an uninsured vehicle owned and operated by defendant William E. Hurley.

The Tantum automobile was covered by a liability insurance policy issued by Concord Insurance Company on the basis of which Tantum had registered his automobile with the Motor Vehicle Department of the State of New Jersey as an insured motor vehicle.

Tantum's policy contained a provision that the carrier obligated itself to pay "to persons other than an insured" damages, etc. The policy specifically excluded from its coverage "bodily injury to any named insured or the spouse, parent, son or daughter of the insured while an occupant in the insured automobile." However, the policy also provided as follows:

When this policy is certified as proof of financial responsibility for the future under the provisions of the motor vehicle financial responsibility law of any state or province, such insurance as is afforded by this policy for bodily injury liability or for property damage liability shall comply with the provisions of such law which shall be applicable with respect to any such liability arising out of the ownership, maintenance or use of the automobile during the policy period, to the extent of the coverage and limits of liability required by such law. * * *

Following the accident Hurley sued Tantum, which suit was defended and ultimately settled by Tantum's liability carrier, Concord Insurance Company.

Tantum filed a suit against Hurley for his damages arising out of the accident and Charlesetta Hopkins and John Hopkins filed a separate suit against Hurley for their damages. Their two suits were consolidated and tried before a jury which returned a verdict in favor of Tantum for $10,000, a verdict in favor of Charlesetta Hopkins for $7,500, and a verdict in favor of John Hopkins for $200. Judgments were entered accordingly.

Applications were then filed by Tantum and the Hopkins, pursuant to N. J. S. A. 39:6–70, for payment of their judgments by the Fund. The applications set forth that plain-

tiffs were qualified persons who met all of the statutory requirements. Objection was made by the Fund on the ground that plaintiffs did not qualify because of *N. J. S. A.* 39:6–70(d), which provides that an applicant seeking payment of his judgment from the Fund shall be required to show that "he was not at the time of the accident, operating or riding in an uninsured motor vehicle owned by him or his spouse, parent or child * * *." *N. J. S. A.* 39:6–62 defines an uninsured motor vehicle as one "as to which there is not in force a liability policy meeting the requirements of * * * the Motor Vehicle Security-Responsibility Law of this State."

The Fund's position is that a policy "meeting the requirements of * * * the Motor Vehicle Security-Responsibility Law" must provide coverage to *any* injured person. *N. J. S. A.* 39:6–46(a). Since Tantum's liability policy contains an exclusion of coverage for bodily injuries to Tantum or his spouse, parent, son or daughter, the Fund argued that the Tantum automobile was uninsured within the meaning of the Fund Law and Tantum was not entitled to payment out of the Fund. As to the Hopkins, the Fund argued that they had not affirmatively shown that they were not related to Tantum and therefore had failed to establish their right to payment out of the Fund. The trial court upheld the Fund's contention and denied plaintiffs' applications.

We conclude that plaintiffs were qualified applicants and that orders for payment out of the Fund should have been entered.

■ Assuming the Tantum liability policy as executed did not fully comply with the requirements of *N. J. S. A.* 39:6–46, the policy provided that if it was certified as proof of financial responsibility under the motor vehicle financial responsibility law of any state, it would afford such coverage as was called for by such law. Since the policy issued to Tantum was issued and delivered as proof of Tantum's financial responsibility under New Jersey law, it must be held to provide the coverage required by *N. J. S. A.* 39:6–46.

■ In addition to the foregoing, the Tantum automobile would be insured within the meaning of the Fund Law by virtue of *Selected Risks Ins. Co. v. Zullo,* 48 *N. J.* 362 (1966). In that case it was held that where a motorist presents a policy of insurance to the Director of Motor Vehicles in order to obtain the advantages of registering an insured motor vehicle, he is offering proof of financial responsibility, as those words are used in *N. J. S. A.* 39:6–46, 48, and that a policy which purports to have more restrictive coverage is automatically amended to conform to the statutory standard. It is not disputed that the Tantum policy was issued by Concord and used by Tantum as proof that his motor vehicle was insured within the requirements of the New Jersey statute. Therefore, under the holding in *Zullo* any coverage required by the statute would be automatically included in the policy.

■ In view of this decision it is not necessary for us to review the basis on which the trial court held that the Hopkins were not qualified persons. However, even if the Tantum vehicle were held to be uninsured, the Hopkins would not be disqualified by virtue of this fact since it affirmatively appears that neither of them is the spouse, parent, son or daughter of Tantum. Indeed, the Fund conceded as much at oral argument.

The order herein is vacated and the matter remanded with direction to enter an order for payment of plaintiffs' judgments out of the Fund.