115 N.J. Super. 147 (1971)
278 A.2d 508
NEWARK INSURANCE COMPANY, ETC., PLAINTIFF-RESPONDENT,
v.
CONCORD INSURANCE COMPANY, ETC., DEFENDANT-APPELLANT AND MARY A. FENNELLY, ET AL., DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 24, 1971.
Decided June 14, 1971.
*148 Before Judges SULLIVAN, COLLESTER and LABRECQUE.
Mr. John J. Kielty argued the cause for appellant (Mr. Vincent D. Enright, Jr., of counsel; Messrs. Harth & Enright, attorneys).
Mr. Stewart G. Pollock argued the cause for respondent (Mr. Gary C. Algeier, on the brief; Messrs. Schenck, Price, Smith & King, attorneys).
The opinion of the Court was delivered by SULLIVAN, P.J.A.D.
This appeal involves a question of automobile liability insurance coverage.
On April 29, 1966 Concord Insurance Company (Concord) issued a three-year automobile liability policy insuring John Purpura as owner of a motor vehicle.
*149 Purpura was acquainted with Joseph L. Fennelly (Fennelly), who lived with his paternal grandparents in Mountain Lakes. Newark Insurance Company (Newark) had issued its automobile liability policy covering a motor vehicle owned by Fennelly's grandmother. This policy extended apparent coverage to Fennelly while operating a motor vehicle since he was a resident of the same household as the insured.
On October 22, 1966 Purpura, driving his own car, attended a party at the Fennelly home.
There was evidence that, while at the party, Purpura became sick and intoxicated and was unable to drive. After some persuasion, Purpura agreed to allow Fennelly to drive him home and handed over the car keys. Another car from the party followed to bring Fennelly back. Fennelly was 17 years of age and unlicensed at the time, although he had driven vehicles, including Purpura's car, on previous occasions.
While driving the Purpura car, Fennelly was involved in a collision with two other cars. Several lawsuits resulted.
Concord denied that its policy covered Fennelly and refused to defend him on the ground, originally, that Fennelly was operating the Purpura car without the consent of the owner. Later it added the ground that its policy extended coverage to persons driving with the permission of the insured only if "duly licensed to operate an automobile," and that Fennelly was unlicensed at the time of the accident.[1]
As a result of Concord's refusal to defend Fennelly, Newark undertook his defense in the several lawsuits and filed answers on his behalf. Newark then commenced the instant suit for a declaratory judgment seeking a determination that Concord was liable to defend Fennelly under its policy *150 issued to Purpura and pay any judgments recovered against Fennelly up to the policy limit.
At trial there was conflicting evidence as to whether Purpura had given permission to Fennelly to drive Purpura's car. However, the trial judge found that such permission had in fact been given, and we are satisfied that the credible evidence supports this finding.
The trial court also held that the Concord policy provision which extended coverage to persons driving the automobile with the authorized permission of the named insured providing they were "duly licensed" drivers was void as against public policy. Judgment was entered adjudicating that Concord was the primary carrier and must assume the defense of Fennelly in the pending law suits.
On this appeal Concord argues that the clause in its automobile liability policy limiting coverage to "duly licensed" drivers is not against the public policy of this State, and it has been so held in this State in Sneed v. Concord Ins. Co., 98 N.J. Super. 306 (App. Div. 1967).
We conclude that Sneed cannot be read to give unqualified approval to the "duly licensed" driver clause in question. Sneed dealt with a liability policy written in 1963, involved an accident which occurred on May 15, 1963, and actually held that the insurance carrier was estopped from denying coverage. The court did consider and reject the contention that the clause violated the public policy expressed in the August 22, 1966 directive issued by the Commissioner of Banking and Insurance which restricted exclusionary clauses or endorsements in automobile liability policies to two specified categories. In holding that the directive was inapplicable, the court noted that the Sneed policy was issued in 1963 and stated that it was not called upon to express an opinion as to the effect of the directive in any other context. The court was not asked to, and did not, consider whether the clause ran afoul of the requirements of the Motor Vehicle Security-Responsibility Law, N.J.S.A. 39:6-23 et seq., and the public policy expressed therein.
*151 It is undisputed that the policy issued to Purpura by Concord was for the purpose of providing him with the coverage required by the Motor Vehicle Security-Responsibility Law. A policy furnished as proof of financial responsibility under the act must provide liability coverage to the insured "and any other person using * * * such motor vehicle with the express or implied consent of the insured * * *." The act does not state that coverage thereunder for persons using a motor vehicle with the consent of the insured driver may be restricted to duly licensed drivers. Consequently, the Purpura policy must be construed to furnish the coverage required by N.J.S.A. 39:6-46(a) and the restriction in question declared invalid. Selected Risks Insurance Co. v. Zullo, 48 N.J. 362 (1966); Tantum v. Hurley, 107 N.J. Super. 511 (App. Div. 1969); Kish v. Motor Club of America Ins. Co., 108 N.J. Super. 405 (App. Div. 1970). Once it has been shown that permission to operate the motor vehicle had been given, the operator is covered by the owner's liability policy, here the Concord policy. The trial court properly held that Concord must assume and take over the defense on behalf of Joseph Fennelly in the several law suits growing out of the accident in question.
Affirmed.
NOTES
[1] Actually, under the terms of the Concord policy (IV) even the named insured would not be covered while driving if he was not "duly licensed."