JOSEPH GREENE, ADMINISTRATOR OF THE ESTATE OF MATTIE L. GREENE, DECEASED *v.* AMERICAN UNDERWRITERS, INC., ATTORNEY-IN-FACT FOR THE SUBSCRIBERS AT AMERICAN INTER-INSURANCE EXCHANGE.

[No. 3-775A139. Filed July 27, 1977. Rehearing denied September 8, 1977.]

*Timothy M. Swan, Spangler, Jennings, Spangler & Dougherty*, of Crown Point, *Richard A. Mayer, Spangler, Jennings, Spangler & Dougherty*, of Gary, for appellant.

*James K. Whitaker*, of Hammond, for appellee.

STATON, P.J.—Harlon Sims, sixteen, struck and killed Mattie L. Greene, a pedestrian. Thomas E. Sims, Marlon's father, carried an insurance policy with American Underwriters, Inc. A verdict and judgment in the amount of $12,500.00 was entered against both Thomas Sims and Marlon Sims. Joseph Greene, Administrator of the estate of Mattie L. Greene, filed a Motion to Enforce Judgment by Proceedings Supplemental to Execution, joining American as Garnishee-Defendant. Greene and American each filed motions for summary judgment in the trial court; Greene's motion was denied, and American's motion was granted. Greene brings this appeal. The trial court acted properly in overruling Greene's motion for summary judgment and in granting American's motion for summary judgment. We affirm.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Indiana Trial Rule 56(C). The only issue in the controversy between Greene and American is not one of fact, but is rather a matter of law: is an insurer liable to an insured for the acts of an underage operator when the policy excludes coverage of such underage operator? Greene argues that even if the exclusion clause is valid, it is applicable only to Marlon Sims, the underage operator, and is not available to Thomas Sims, the insured. Such reasoning would result in American having to indirectly assume a liability which it had expressly contracted to avoid.

Thomas Sims' policy provided: "CAUTION: If this policy is issued at Rate Class 1, no coverage is afforded to any oper-

ator under 25 years of age. Read ALL your policy provisions very carefully." The policy was issued at Rate Class 1. Thomas Sims selected a "limited" coverage at a lesser premium than would have been charged had Marlon been covered.[1] Clauses excluding underage drivers from liability coverage have been upheld in Indiana; cases hold that such clauses are a matter of contract between the parties and are not against any public policy. *Culley* v. *Farm Bureau Mutual Ins. Co. of Indiana, Inc.* (1946), 224 Ind. 483, 69 N.E.2d 19; *Mitzner* v. *Fidelity & Casualty Co.* (1927), 94 Ind. App. 362, 154 N.E. 881. It is not within the province of this Court to rewrite the policy when there is evidence that the provisions contained therein are exactly what the parties contracted for and paid for. *See Automobile Underwriters, Inc.* v. *Camp* (1940), 217 Ind. 328, 28 N.E.2d 68 (overruled on other grounds).

Marlon Sims, who operated the insured vehicle at the time of the accident, was in a class *specifically excluded* from coverage by the policy. American should not be required to satisfy the claims against Thomas Sims as that would indirectly force it to also pay the liability owed by his son.[2] If we were to require American to pay the son's liability, the effect would be the same as if Marlon *had been included* in Thomas' insurance policy. Thomas Sims specifically chose the lower premium and the limited coverage. This Court cannot rewrite that valid contract. The trial court correctly overruled Greene's motion for summary judgment and granted American's motion for summary judgment. We affirm.

Hoffman, J. and Garrard, J., concur.

NOTE.—Reported at 364 N.E.2d 1194.

---

1. The policy does not even list Marlon Sims as a driver.
2. It is important to note that no contention was made that there was an independent basis upon which to predicate Thomas Sims' liability. The nature of the father's liability was only derivative.