Elizabeth REDAR and Francis Redar, Defendants-Appellants,

v.

ALLSTATE INSURANCE COMPANY, Plaintiff-Appellee,

and

Kevin Edwards, Freddie Paulk, Harvey Johnson, Lee Davis, Lee Davis d/b/a Gary Auto Glass Beauty and Trim, and Gary Auto Glass Beauty and Trim, Individually, Defendants-Appellees.

No. 3-784A199.

Court of Appeals of Indiana, Third District.

April 22, 1985.

Louis M. Casale, Merrillville, for defendants-appellants.

David J. Hanson, David J. Brandewie, Spangler, Jennings, Spangler & Dougherty, P.C., Merrillville, for appellee.

STATON, Presiding Judge.

Elizabeth Redar, a pedestrian, was struck and injured by a car driven by Kevin Edwards. She brought a personal injury action against Edwards, his employer, the owner of the car, and the owner of the shop from which the car was being driven. The insurance carrier for the car owner and for the shop owner, Allstate, moved for declaratory judgment against Redar and all named defendants because the insurance policies excluded from coverage persons conducting an "automobile business." The trial court ruled that Allstate had no duty to defend. The shop owner filed a counter-complaint against Allstate claiming that Edwards was covered under his policy. Allstate moved for summary judgment as against all parties. The trial court granted Allstate's motion for summary judgment; it found no ambiguity in the insurance policy, and it found no properly raised issue of estoppel. The Redars appeal and raise the following issues:

 I. Did the trial court err by not finding Allstate's insurance policy ambiguous?

 II. Did Allstate waive its right to disclaim liability under the exclusion clauses in its insurance contract with the shop owner and the car owner?

 III. Was the trial court correct in finding that the Redars are not third party beneficiaries to Allstate's insurance contract with the shop owner and the car owner?

Affirmed.

On review of a grant of summary judgment this Court must determine if there exists any genuine issue of material fact and whether the law was correctly applied. *Connell v. American Underwriters, Inc.* (1983), — Ind.App. —, 453 N.E.2d 1028, 1029. Any doubt about the existence of a genuine issue of material fact must be resolved against the moving party. If there are several conflicting inferences which may be drawn from an undisputed fact concerning a genuine issue, summary judgment is not appropriate.

## I.

### Ambiguity

Redar contends that the exclusionary clause on page two of Allstate's insurance contract with the shop owner and the car owner is ambiguous because it varies the terms of the liability protection on page one. In addition, she asserts that the exclusions were not conspicuously placed in the contract since they were on pages two (2) and three (3), *after* the omnibus clause.

Terms of an insurance policy should be construed liberally, in favor of the insured only where there is an ambiguity in the language of the policy. *Cincinnati Ins. Co. v. Mallon* (1980), — Ind.App. —, 409 N.E.2d 1100, 1103. Where no ambiguity exists the language used in an insurance contract should be given its plain and ordinary meaning. *Amer. States Ins. Co. v. Aetna Life & Cas. Co.* (1978), 177 Ind. App. 299, 379 N.E.2d 510, 516. The court may not rewrite the insurance policy for the parties and may in no way construe the contract so as to extend its coverage.

*Home Ins. Co. v. Neilsen* (1975), 165 Ind. App. 445, 332 N.E.2d 240, 244. The test to be applied is whether or not reasonably intelligent men on reading the contract would honestly differ as to its meaning. *Jeffries v. Stewart* (1974), 159 Ind.App. 701, 309 N.E.2d 448, 452.

We are concerned with the following policy provisions:

Page One (1) in Section I, Coverage BB:
"The following persons are insured under this Section

1. The named insured with respect to the owned or a non-owned automobile provided the use of such non-owned automobile is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission." (Record, Page 15)

Page Three (3):
"If there is other insurance:

Allstate shall not be liable under this Section I for a greater proportion of any loss than the applicable limit of liability of all collectible insurance against loss; provided, however, the insurance with respect to a temporary substitute automobile or a non-owned automobile shall be excess insurance over any other collectible insurance." (Record, Page 16)

Page Two (2):
"Section I

Exclusions—what this Section of the policy does not cover.
This Section I does not apply to:
\*       \*       \*       \*       \*       \*

2. An owned automobile, if under the physical control of a person or organization while such person is in the course of his employment in, or such organization is in the course of operating an automobile business. ..."

and

"Section I

Definitions of words used under this Section
\*       \*       \*       \*       \*       \*

3. Miscellaneous

(c) 'automobile business' means the business or occupation of selling, repairing, testing, washing, servicing, storing or parking of automobiles, including their pick-up, transfer between locations and delivery ..."

After a careful examination of the insurance policy as a whole, we believe that the trial court was correct that it is not ambiguous. The exclusions were clearly marked and are not inconspicuous.

■ The mere existence of a controversy regarding the meaning of an insurance policy does not establish the existence of an ambiguity. *Taylor v. American Underwriters, Inc.* (1976), 170 Ind.App. 148, 352 N.E.2d 86, 89. The court must read the contract as a whole to determine its meaning. *Id.* The driver of the car which struck Redar clearly fell within the meaning of the definition of one "in the course of his employment" in an "automobile business." Edwards was driving Paulk's automobile from Johnson's auto paint shop to the shop of Edward's employer, Lee Davis d/b/a Gary Auto Glass Beauty and Trim, for the purpose of having the upholstery cleaned. Whether Edwards was a permittee of Paulk or of Johnson (their policies with Allstate were identical), he was clearly excluded from coverage under either policy by virtue of being engaged in an automobile business.

■ Though the exclusionary clause followed the omnibus clause by one page, we do not believe this creates any ambiguity with regard to who is or is not covered under the policy. We do not find it unreasonable for the general coverage of the omnibus clause to be limited by specific exclusions which follow, clearly marked, on the next page of the contract. Nor can we say, as a matter of law, that such placement is inconspicuous so as to excuse an insured from being aware of such exclusions. Redar concedes that the auto business exclusion has been upheld in other jurisdictions and presents no authority for her claim that this policy is ambiguous.

She merely cites cases in which the policy contained cautionary language, *Greene v. American Underwriters, Inc.* (1977), 173 Ind.App. 649, 364 N.E.2d 1194; or contained exclusions within the omnibus clause *Brower v. Employers Liability Assurance Co.*, (1935), 318 Pa. 440, 177 A. 826; or within the clause defining who was insured, *Craft v. Trahan* (1968), La., 351 So.2d 277. None of these cases is authority for the proposition that an exclusion following the omnibus clause creates an ambiguity in the policy. In fact, no Indiana case appears to have held that an exclusion must be set out in or immediately following the omnibus clause in order to be valid. We find no error in the trial court's finding that the policy was not ambiguous.[1]

## II.

### Waiver

Redar next argues that Allstate waived the right to disclaim liability via the exclusionary clause by waiting thirty-four (34) months to inform Johnson and Paulk that it would not defend them. She attempts to take advantage of an alleged duty owed by Allstate to the insured to promptly determine coverage and notify the insureds of the decision whether to defend. As Allstate points out, Redar gives no reference to the record which would establish a factual basis for waiver. Moreover, waiver, according to Trial Rule 8(C), is an affirmative defense which must be raised in a responsive pleading, and the party required to plead it has the burden of proving it. The Redars did not raise waiver as an affirmative defense in their answer to Allstate's complaint for declaratory judgment. Paulk filed an answer to Allstate's complaint but did not plead waiver. Johnson did not answer; he did file a counterclaim which did not raise the waiver issue. To properly preserve an affirmative defense, the party with the burden of proving the defense must either have set forth the defense in a responsive pleading or have litigated it by consent of the parties. *Lawshe v. Glen Park Lumber Co., Inc.* (1978), 176 Ind.App. 344, 375 N.E.2d 275, 277–78. Redar has not shown how the affirmative defense of waiver has been preserved by any of the parties.[2]

## III.

### Third Party Beneficiary

In view of our disposition of the ambiguity and waiver issues, we do not find it necessary to address Redar's claim to being a third party beneficiary of the insurance policies. If Allstate has no liability under the Paulk and Johnson policies because of the automobile business exclusion, it does not matter whether Redar qualifies as a third party beneficiary. Redar could not, in any event, claim the benefits of coverage which the policy does not provide.

We affirm.

HOFFMAN and GARRARD, JJ., concur.

1. Redar also claims the excess insurance clause on page 3 creates an ambiguity. Although we do not see how this relates to the primary question of *who* is or is not covered, Redar cites no authority for finding such excess insurance clauses ambiguous and we do not find it so.

2. The issue of waiver was raised in Paulk's and Redar's memoranda in opposition to Allstate's motion for summary judgment. Motions and memoranda, however, are not pleadings. *See* TR. 7(A). Furthermore, where a motion for summary judgment is made and supported, Trial Rule 56 requires that an adverse party must set forth specific facts by affidavit or otherwise showing that a genuine issue of material fact remains for trial. No such affidavits accompanied the memoranda.