727 P.2d 35

CANADIAN INDEMNITY COMPANY,
Plaintiff-Appellant,

v.

Frank D. HEFLIN, Jr.; Inez Heflin; Gregory C. Barrington; Jackie Stufflebeam, individually and as parent of Penelope Stufflebeam, a minor; Penelope Stufflebeam; and Brian Lee Green, Defendants-Appellees.

No. 1 CA–CIV 8637.

Court of Appeals of Arizona,
Division 1, Department D.

July 15, 1986.

Review Denied Oct. 28, 1986.

John S. Schaper and Jack M. Anderson, Phoenix, for plaintiff-appellant.

Dake, Hathaway & Swan, P.A. by Milton W. Hathaway, Jr., Phoenix, for defendants-appellees Heflin and Barrington.

David A. Treat, Phoenix, for defendant-appellee Stufflebeam.

Porter, Tobler & Martineau, P.C. by Clint W. Smith, Mesa, for defendant-appellee Green.

BROOKS, Judge.

This appeal involves the interpretation and application of an exclusion in a personal automobile liability policy issued by plaintiff-appellant Canadian Indemnity Company (Canadian) to Frank Heflin (Heflin). The policy provided liability coverage for any member of Heflin's family using any vehicle with the express exception that coverage was excluded "[f]or any person using a vehicle without a reasonable belief that the person is entitled to do so."

## FACTS

On the night of February 24, 1983, Heflin's stepson, defendant-appellee Gregory Barrington (Barrington), went to a concert with some friends. At the time, Barrington was only fifteen years old and did not have a driver's license or learner's permit. At the concert, Barrington and his friends met another group of friends which includ-

ed Patricia Van Dermeer (Van Dermeer). Van Dermeer was eighteen years old at the time and had driven to the concert with a friend in her mother's 1972 Chevrolet Malibu.

During the concert, Van Dermeer drank whiskey and admittedly felt under the influence of alcohol upon leaving the concert. After the concert, Barrington asked Van Dermeer for a ride to a party to which they were both invited. Van Dermeer agreed and she, Barrington, and a friend left the concert together. After Van Dermeer had driven a short distance, Barrington allegedly became concerned for his safety and the safety of the others in the vehicle. He made Van Dermeer turn into a service station and told her that she was not capable of driving. Barrington then took the keys from the ignition and told Van Dermeer that he was going to drive. She acquiesced and permitted him to drive. At trial, Van Dermeer admitted that she had given Barrington permission to drive the car and that she could have stopped him if she really had not wanted him to drive. Barrington testified that he believed Van Dermeer had given him permission to drive the vehicle and that he had not forced her to consent to his driving.

After Barrington began driving, Van Dermeer told him to "ditch" the car following them. She also told him to race with one of her friends. In so doing, Barrington drove at speeds of up to sixty miles an hour. He subsequently lost control of the vehicle and swerved into oncoming traffic where he collided with automobiles driven by Bart Cooper and defendant-appellee Brian Green.

Canadian filed a declaratory action, requesting the trial court's determination that the policy provided no liability coverage for any claims against Barrington or Heflin resulting from the accident. Canadian argued that liability coverage was excluded because Barrington did not have a reasonable belief that he was entitled to drive the car.

After a bench trial, the trial court found that Van Dermeer consented to Barring-

ton's demand to drive the car and that she had apparent authority to permit him to drive. The court concluded that the policy exclusion did not apply to Barrington under such circumstances. Canadian takes issue with the trial court's conclusions and appeals to this court.

## LEGAL ANALYSIS

■ We note at the outset that the question of whether Barrington had a reasonable belief that he had permission to drive the car is one of fact. *Grain Dealers Mut. Ins. Co. v. James*, 118 Ariz. 116, 575 P.2d 315 (1978). We find that there was sufficient evidence submitted to the trial court to permit it to find that Barrington had a reasonable belief that Van Dermeer consented to his driving the car. We also conclude that there was sufficient evidence to support the trial court's finding that Van Dermeer was the apparent owner of the vehicle. Van Dermeer herself considered the car to be hers and had told her friends—including Barrington—that the car belonged to her. On appeal, unless the trial court's findings are clearly erroneous, we are bound by its findings and will not substitute our own judgment for that of the trial court. *Globe American Cas. Co. v. Lyons*, 131 Ariz. 337, 641 P.2d 251 (App. 1981).

■ As to the scope of the policy exclusion at issue here, we note that by its own language the exclusion only applies to a person using a vehicle without a reasonable belief that such person is "entitled" to do so. The trial court interpreted this to simply mean that coverage was excluded only where the insured was driving a non-owned vehicle without a reasonable belief that he had the permission of the apparent owner. We agree with this interpretation.

When interpreting the language of an insurance policy, the courts will construe the policy's terms in accordance with their plain and ordinary meaning. *Estrada v. Planet Ins. Co.*, 26 Ariz.App. 103, 546 P.2d 372 (App.1976); *Dykeman v. Mission Ins. Co.*, 12 Ariz.App. 432, 471 P.2d 317 (App.

1970). This "plain meaning" rule is particularly applicable where the court is construing the language of an exclusion in the policy. *State Farm Mut. Auto Ins. Co. v. Gibbs,* 139 Ariz. 274, 678 P.2d 459 (App. 1983). The trial court's interpretation of the exclusion at issue here is clearly within the plain meaning of the exclusion's language.

Canadian argues, however, that Barrington could not have reasonably believed that he was "entitled" to drive the car since he was underaged, unlicensed and speeding. Canadian thus argues that the trial court construed the exclusion too narrowly. Under Canadian's interpretation, the exclusion would apply not only to instances where an insured is driving a car without the apparent owner's permission, but also to cases—such as the one at hand—where an insured is using a car without a reasonable belief that he is *legally* entitled to do so under applicable law.

While Canadian's interpretation of the policy is not incompatible with the language of the exclusion, we find such an interpretation insufficient to justify a reversal of the trial court's judgment. Canadian simply asks us to substitute its broader construction of its own policy exclusion for that of the trial court. We decline to do so. The exclusion at issue here is clearly ambiguous—as shown by the divergent interpretations given to it by the parties and the trial court. Where a policy provision is ambiguous the ambiguity is to be construed against the insurer and in favor of the insured and coverage. *Sparks v. Republic National Life Ins. Co.,* 132 Ariz. 529, 647 P.2d 1127 (1982); *State Farm Mut. Auto Ins. Co. v. Paynter,* 122 Ariz. 198, 593 P.2d 948 (App.1979); *State Farm Mut. Auto Ins. Co. v. O'Brien,* 24 Ariz. App. 18, 535 P.2d 46 (App.1975). If an insurer wishes to limit its coverage under a policy, it must do so in clear and distinct language which fairly communicates to the insured the nature of the limitation. *Sparks, supra; Mid-Century Ins. Co. v. Samaniego,* 140 Ariz. 324, 681 P.2d 476 (App.1984); *Transamerica Ins. Co. v. McKee,* 27 Ariz.App. 158, 551 P.2d 1324

(App.1976). Thus, if Canadian desired to exclude coverage for any person who was not legally operating a car under Arizona law, it could and should have clearly communicated that limitation to its insureds through precise and unambiguous language. This is not what Canadian chose to do. Instead, it used a broad, nebulous phrase—"entitled to do so"—to denote its coverage limitations. Such language is insufficient to fairly communicate to the insured the coverage limitation which Canadian now asserts. Canadian must therefore bear the consequences of the courts' subsequent narrow construction of its policy exclusion.

■ Canadian cites two decisions in which coverage was excluded on the basis that the driver could not have reasonably believed that he had permission to drive. However, these decisions are distinguishable from the case at hand. In *Pettis v. State Farm Mut. Auto Ins. Co.,* 286 Ala. 344, 239 So.2d 772, (Ala.1970), the insured admitted that the lawful possessor of the automobile told him not to drive the car. In *Employers Commercial Union Ins. Co. v. Bertrand,* 306 So.2d 426 (La.App.1975), the insured admitted that he did not ask the owner of the automobile for permission to drive the car. In the instant case, however, it is clearly established that Van Dermeer granted Barrington permission to drive.

Finally, Canadian argues that Van Dermeer's failure to file an answering brief on appeal is a confession of reversible error. We need not address this issue. Defendants Van Dermeer and Cooper are not parties to this appeal. Their default was entered by the clerk of the superior court and they have not appealed from that entry of default.

We therefore affirm the judgment of the trial court. Additionally, pursuant to A.R.S. § 12–341.01(A), we grant each of the appellees their requested attorney's fees and direct that they comply with Rule

21(c), Arizona Rules of Civil Appellate Procedure.

GRANT, P.J., and FROEB, J., concur.