838 P.2d 1306

**PRINCIPAL CASUALTY INSURANCE COMPANY, an Iowa corporation, Plaintiff–Appellant,**

v.

**PROGRESSIVE CASUALTY INSURANCE COMPANY, a foreign corporation, Defendant–Appellee.**

No. 1 CA–CV 89–558.

Court of Appeals of Arizona, Division 1, Department C.

March 10, 1992.

Review Denied Nov. 3, 1992.

Berry & Martori by Frederick C. Berry, Jr., Phoenix, for plaintiff-appellant.

Goldman & Kaplan, Ltd. by Mark E. Meltzer, Phoenix, for defendant-appellee.

## OPINION

FIDEL, Judge.

Principal Casualty Insurance Company appeals from a judgment declaring that a motor vehicle liability policy issued by Progressive Casualty Insurance Company does not cover an automobile negligence claim asserted against underage driver Jennifer Hall. Principal challenges the applicability and validity of Progressive's exclusion of liability coverage for bodily injury and property damage caused by a driver too young to be licensed to drive.

## FACTS AND PROCEDURE

This matter was resolved by the trial court upon cross motions for judgment on the pleadings. No matters outside the pleadings were presented. By its winning motion, Progressive admitted the factual allegations in Principal's complaint and tested their sufficiency to state a claim. We take those allegations to be true. *See* Ariz.R.Civ.P. 12(c); *Shannon v. Butler Homes, Inc.,* 102 Ariz. 312, 315, 428 P.2d 990, 993 (1967).

Progressive issued a motor vehicle liability insurance policy to Joel LaJoie. The policy provided in pertinent part:

Liability coverage does not apply to:

. . . .

14. bodily injury or property damage caused by a motor vehicle driven by a person:

(a) under the minimum age to obtain a license to operate a private passenger car in the state in which the motor vehicle is licensed.

(b) under fourteen years of age.

On an evening in 1988, while driving the insured car with LaJoie's permission, Jennifer Hall collided with a vehicle driven by Phillip Tull. Hall was fourteen and one half years old, too young to qualify for a driver's license in Arizona. When Tull made a claim for personal injuries and property damage, Progressive denied coverage, invoking the "underage" exclusion.

At the time of the accident, Jennifer Hall was insured as a household member under a motor vehicle liability insurance policy issued to her mother by Principal Casualty Insurance Company. Although Hall is undisputedly covered by Principal's policy, the

Progressive policy, if applicable, is primary. *See* Ariz.Rev.Stat.Ann. ("A.R.S.") § 28–1170.01(B) (1989).[1] Consequently, by seeking to invalidate Progressive's underage exclusion, Principal seeks to establish that Progressive's policy provides primary coverage for Hall's liability to Tull.

After hearing the parties' cross motions, the trial court found Progressive's exclusion applicable and valid. After the court entered formal judgment for Progressive, Principal brought this timely appeal. We have jurisdiction pursuant to A.R.S. § 12–2101(B) (Supp.1991).

## APPLICABILITY OF EXCLUSION

We first consider Principal's argument that Progressive's exclusion does not apply to Jennifer Hall. Principal reasons that, because subparagraphs (a) and (b), quoted above, are not separated by the word "or," the exclusion applies only if a driver is both too young to obtain a license *and* under fourteen years of age.

We disagree. Subparagraphs (a) and (b) are intended as independent, not cumulative, grounds for exclusion. Subparagraph (b) establishes an absolute minimum age of fourteen for covered drivers. Subparagraph (a) raises this floor to the age limit fixed by law in any state—such as Arizona—where a higher minimum age applies. *See* A.R.S. § 28–413(A)(1) (1984) (amended 1990) (minimum age for operator's license sixteen; minimum age for restricted operator's license fifteen). In this case, at the time of the accident, Jennifer Hall was under Arizona's minimum driving age. The exclusion, if valid, applies.

## VALIDITY OF EXCLUSION

Principal next contends that Progressive's exclusion, if applied, would violate Arizona's version of the Uniform Motor Vehicle Safety Responsibility Act, A.R.S. §§ 28–1101 to –1261 (1989). Section

28–1170(B)(2) (1989) of that statute provides that liability insurance "shall insure the [named] insured and any other person, as insured, using the motor vehicle ... with the express or implied permission of the named insured." This obligatory coverage, known as the "omnibus clause," is read by law into every motor vehicle liability policy in Arizona and overrides competing restrictive endorsements. *Jenkins v. Mayflower Ins. Exch.*, 93 Ariz. 287, 291, 380 P.2d 145, 149 (1963). Its purpose is to protect the motoring public "from financial hardship which may result from the use of automobiles by financially irresponsible persons." *Schecter v. Killingsworth*, 93 Ariz. 273, 280, 380 P.2d 136, 140 (1963).

Arizona courts have repeatedly invalidated exclusions from omnibus coverage inconsistent with this purpose. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Transport Indem. Co.*, 109 Ariz. 56, 505 P.2d 227 (1973) (invalidating exclusion of liability coverage of owner for bodily injury to permissive user); *National Union Fire Ins. Co. v. Truck Ins. Exch.*, 107 Ariz. 291, 486 P.2d 773 (1971) (invalidating exclusion of liability coverage of rental vehicle driver for bodily injury to passenger); *Rocky Mountain Fire & Cas. Co. v. Allstate Ins. Co.*, 107 Ariz. 227, 485 P.2d 552 (1971) (invalidating exclusion of liability coverage for garage customers driving "loaner" vehicles).

On the few occasions when Arizona courts have permitted exclusions from omnibus coverage, the courts have found that the statutory purpose was not disserved. *See, e.g., Cassel v. Schacht*, 140 Ariz. 495, 683 P.2d 294 (1984) (Punitive damages are non-compensatory and may be excluded from liability coverage without violating the legislative objective of compensating actual injury and loss.); *New York Underwriters Ins. Co. v. Superior Court*, 104 Ariz. 544, 545, 456 P.2d 914, 915 (1969)

---

1. A.R.S. § 28–1170.01(B) provides:
   Except as provided in subsection A of this section, if two or more policies affording valid and collectible liability insurance apply to the same motor vehicle in an occurrence out of which a liability loss shall arise, it shall be

conclusively presumed that the insurance afforded by that policy in which such motor vehicle is described or rated as an owned automobile shall be primary and the insurance afforded by any other policy or policies shall be excess.

(Omnibus coverage is intended for the protection of accident victims other than the named insured; the statutory purpose is not violated by the named insured's agreement to exclude coverage for his own injury.).

In this case, Progressive argues that it will impair, not advance, public policy to invalidate the underage exclusion because to treat underage, unlicensed drivers as omnibus insureds will encourage underage drivers by insulating them from the consequences of their acts. We find this argument unpersuasive. First, if such drivers were deterred by the prospective consequences of their acts, they would be unlikely to illegally take the wheel. Second, it is unrealistic to pretend that underage, unlicensed drivers will face the consequences of their acts even if not insulated by insurance. To the contrary, such drivers are financially irresponsible virtually by definition, and to exclude them from omnibus coverage would increase the very risk of financial hardship to accident victims that A.R.S. § 28–1170(B)(2) is intended to avert. We conclude that validation of Progressive's underage exclusion would violate the purpose of section 28–1170(B)(2), as it would leave the public unprotected when injured by financially irresponsible drivers under driving age.

Progressive argues incorrectly that our decision in *Canadian Indem. Co. v. Heflin,* 151 Ariz. 257, 727 P.2d 35 (App.1986), implicitly validates the underage exclusion. Progressive reads too much into that case. There, in an effort to avoid coverage of collisions caused by a driver not yet sixteen, an insurance company relied on a provision excluding coverage "[f]or any person using a vehicle without a reasonable belief that the person is entitled to do so." *Id.* at 257, 727 P.2d at 35. Although our court found the exclusion too vague to be enforced, Progressive emphasizes our suggestion that the insurer might have achieved its purpose had its exclusion been more precise.

> [I]f Canadian desired to exclude coverage for any person who was not legally operating a car under Arizona law, it could and should have clearly communicated that limitation to its insureds through precise and unambiguous language.

*Id.* at 259, 727 P.2d at 37.

Progressive overlooks that the policy at issue in *Canadian Indemnity* was not subject to the requirements of section 28–1170(B)(2). The Canadian policy, unlike Progressive's, did not cover the *vehicle* in question. Rather, like Principal's policy, it covered the driver as a member of the family of a named insured who had purchased coverage for a different vehicle. Our financial responsibility statute requires omnibus coverage only for permissive users of vehicles "designate[d] by explicit description or by appropriate reference" as covered by the policy. *See* A.R.S. § 28–1170(B)(1) (1989); *Harbor Ins. Co. v. United Serv. Auto. Ass'n,* 114 Ariz. 58, 61, 559 P.2d 178, 181 (App.1976). Because the liability coverage at issue in *Canadian Indemnity* was not the mandatory omnibus coverage required by A.R.S. § 28–1170(B)(2), that case has no bearing on this one.

Progressive last defends its exclusion by reference to a treatise. According to 6C John A. & Jean Appleman, *Insurance Law & Practice* §§ 4401 and 4402 at 278–83 (Buckley Ed.1979), most states permit insurers to enforceably restrict liability coverage to persons legally qualified to drive. Appleman, however, does not discuss the validity of this proposition in the face of a competing statutory omnibus clause. Of the thirty-nine cases that Appleman cites to support its proposition, only one—*Culley v. Farm Bureau Mut. Ins. Co.,* 224 Ind. 483, 69 N.E.2d 19 (1946)—confronts that question.

In *Culley,* the Indiana Supreme Court indeed held that an underage exclusion did not violate Indiana's financial responsibility statute. However, we distinguish *Culley* on two grounds. First, in contrast to A.R.S. § 28–1170(B)(2), the applicable Indiana statute limited omnibus coverage to permissive users operating the insured vehicle "legally." *See Culley,* 69 N.E.2d at 20 (quoting Ind.Code Ann. § 39–4309 (Burns 1940) (current version at § 27–1–13–

7 (Burns 1986))). Second, in *Culley*, the Indiana Supreme Court defined the purpose of Indiana's statute so restrictively as to be incompatible with comparable case law from the Arizona courts. The court stated:

> This section of our statutes amounts to nothing more than an extended coverage for the benefit of the insured the same as though written into the policy.... This liability for extension is subject to all other provisions of the policy which define the risks insured or excluded.

69 N.E.2d at 20, 21; *accord Greene v. American Underwriters, Inc.*, 173 Ind. App. 649, 364 N.E.2d 1194 (1977). Since *Jenkins* and *Schecter*, Arizona has attributed a far more expansive public purpose to our financial responsibility act. As stated in *State Farm:*

> [P]eople should not be injured by the operation of motor vehicles and be left uncompensated because of the particular wording of the policy insuring the car that caused the injury, thus making the injured parties public charges.

109 Ariz. at 58, 505 P.2d at 229.

We note that Appleman cites one case as contrary to its general proposition. *See Appleman, supra*, § 4401, at 279. In *Newark Ins. Co. v. Concord Ins. Co.*, 115 N.J.Super. 147, 278 A.2d 508 (1971), the New Jersey Superior Court, Appellate Division, invalidated an unlicensed driver exclusion, stating:

> The [financial responsibility] act does not state that coverage thereunder for persons using a motor vehicle with the consent of the insured driver may be restricted to duly licensed drivers. Consequently, the ... policy must be construed to furnish the coverage required by N.J.S.A. 39:6–46(a) and the restriction in question declared invalid.

*Id.*, 278 A.2d at 510. We find New Jersey's approach far more compatible than Indiana's with our own longstanding interpretation of Arizona's financial responsibility law.

## CONCLUSION

Progressive's exclusion is overridden by the requirements of A.R.S. § 28–1170(B)(2).

The record does not indicate whether the liability limits of Progressive's policy exceed the statutory minimum limits. *See* A.R.S. § 28–1170(B)(2) (1989). Nor have the parties briefed the question whether Progressive's exclusion may be enforced to the extent of any excess over the statutory minimum limits. *See* A.R.S. § 28–1170(G) (1989). Accordingly, we do not address those questions at this time. We hold only that, to the extent of the minimum liability coverage limits mandated by the statute, Progressive's exclusion is invalid and inapplicable in this case. We reverse the judgment of the trial court and remand for proceedings consistent with this opinion.

### ATTORNEYS' FEES

Pursuant to A.R.S. § 12–341.01(A) (1982), we award Principal attorneys' fees on appeal in an amount to be determined upon compliance with Rule 21(c), Arizona Rules of Civil Appellate Procedure. On remand the trial court shall determine and award Principal's reasonable attorneys' fees for services in that court.

EHRLICH, P.J., and TAYLOR, J., concur.