**SAFE AUTO INSURANCE COMPANY, Appellant–Plaintiff,**

v.

**FARM BUREAU INSURANCE COMPANY, Heather Duran, Brenda Trine and Rodney Trine, Appellees–Defendants.**

No. 44A03–0512–CV–594.

Court of Appeals of Indiana.

Nov. 8, 2006.

Kirk A. Horn, Mandel Pollack & Horn, P.C., Carmel, IN, Attorney for Appellant.

John R. Obenchain, Brian M. Kubicki, Jones Obenchain, LLP, South Bend, IN, Attorneys for Appellees.

## OPINION

ROBB, Judge.

### Case Summary and Issue

Safe Auto Insurance Company ("Safe Auto") appeals from the trial court's order denying its motion for summary judgment, and granting Farm Bureau Insurance Company's ("Farm Bureau") motion for summary judgment, in a dispute arising from Safe Auto's insurance policy coverage of Heather Duran. Safe Auto raises for review the issue of whether it is obligated to cover Duran for vicarious liability under the policy's terms, including a policy provision required under Indiana law pertaining to liability for permissive users. Indiana law obligates coverage of the owner of a vehicle for vicarious liability, and we conclude that material misrepresentations made by Duran do not hinder such coverage. We therefore affirm summary judgment in favor of Farm Bureau and against Safe Auto.

### Facts and Procedural History

While a resident of Indiana, Duran purchased an auto insurance policy from Safe Auto for a vehicle registered solely in her name. Duran failed to notify Safe Auto that she was married to Juan Manuel–Duran Badillo, a resident within her household and a regular driver of the vehicle. In November of 2002, Duran and Badillo moved to Michigan without notifying Safe Auto. Duran explained in an affidavit that it was not her intention to have Badillo covered by the insurance policy. The terms of Duran's policy contained general exclusions from coverage, including losses:

2. Arising while your covered auto is being operated by a resident of your household or by a regular user of your covered auto unless that person is listed as an additional driver on the declarations page; however, when applicable this policy will comply with Indiana Code 27–1–13–7.

("household exclusion provision") Appellant's Appendix at 28. The policy also imposed a duty upon Duran to notify Safe Auto of changes affecting coverage, such as in marital status, address, or residents within her household.

On December 31, 2002, while driving Duran's vehicle in Michigan, Badillo lost control on black ice, causing a collision. He was killed, and Brenda Trine, another motorist, was injured. Trine brought an action against Duran, not Badillo, under Michigan Compiled Law § 257.401, which states in relevant part:

The owner of a motor vehicle is liable for an injury caused by the negligent operation of the motor vehicle whether the negligence consists of a violation of a statute of this state or the ordinary care standard required by common law. The owner is not liable unless the motor vehicle is being driven with his or her

express or implied consent or knowledge. It is presumed that the motor vehicle is being driven with the knowledge and consent of the owner if it is driven at the time of the injury by his or her spouse, ... or other immediate member of the family.

In other words, this Michigan statute imposed vicarious liability on Duran for Badillo's negligence while a permissive user operating Duran's vehicle.

While Trine's action was pending, Safe Auto filed an action for declaratory relief regarding its coverage against Duran, Trine, and Farm Bureau. Before resolution of Safe Auto's action, Trine obtained an agreed judgment against Duran in the amount of $50,000.00, with the condition that the judgment was not enforceable against Duran or her assets, but only "against any company or entity that is obligated to provide insurance coverage" to her. Appellant's App. at 121. Trine settled with Farm Bureau, her uninsured/underinsured motorist coverage provider, for the amount of the judgment, and Farm Bureau sought reimbursement from Safe Auto. Farm Bureau filed a Motion for Partial Summary Judgment with regard to Safe Auto's indemnification of Duran. In response, Safe Auto filed a motion for summary judgment on the same issue, asserting defenses to coverage. On November 9, 2005, the trial court denied Safe Auto's motion and granted Farm Bureau's motion, ordering Safe Auto to insure Duran for liability to Trine based on the negligence of Badillo. The trial court later issued an order declaring the November 9, 2005, order to fully and completely dispose of all issues. Safe Auto now appeals.

### Discussion and Decision

### I. Standard of Review

On appeal from summary judgment, we face the same issues that were before the trial court and follow the same process. *Sims v. Town of New Chicago*, 842 N.E.2d 830, 833 (Ind.Ct.App.2006). Summary judgment is appropriate only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.;* Ind. Trial Rule 56(C). Absent a factual dispute, we employ a de novo standard of review, under which the pleadings and designated materials are viewed in the light most favorable to the nonmovant. *Diversified Investments, LLC v. U.S. Bank, NA,* 838 N.E.2d 536, 539 (Ind.Ct.App.2005), *trans. denied.* The party appealing a denial of summary judgment has the burden of persuading this court that the trial court's ruling was improper. *Sims,* 842 N.E.2d at 833.

 In the summary judgment context we are not bound by the trial court's specific findings and conclusions, which merely aid our review by providing a statement of reasons for the trial court's actions. *Bd. of Comm'rs of LaPorte County v. Town & Country Utils., Inc.,* 791 N.E.2d 249, 252 (Ind.Ct.App.2003), *trans. denied.* Even so, the trial court's grant of summary judgment is clothed with a presumption of validity. *Sims,* 842 N.E.2d at 833. "The fact that the parties made cross-motions for summary judgment does not alter our standard of review. Instead, we must consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law." *Pond v. McNellis*, 845 N.E.2d 1043, 1053 (Ind.Ct.App.2006), *trans. denied* (citations omitted).

### II. Vicarious Liability Coverage

The parties agree this action sounds in contract, as governed by Indiana law. At the center of the dispute is Indiana Code section 27–1–13–7(a), which delineates required provisions for insurance policies is-

sued in Indiana, and states in relevant part:

No such policy shall be issued ... in this state to the owner of a motor vehicle ... unless there shall be contained within such policy a provision insuring such owner against liability for damages for death or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, expressed or implied, of such owner.

Duran's policy with Safe Auto references this statute. The provision at issue does not require coverage of the permissive user, but "is restricted to requiring coverage for the owner's *vicarious* liability which might arise because of the permittee's negligent act." *Allstate Ins. Co. v. Boles*, 481 N.E.2d 1096, 1100 (Ind.1985) (emphasis in original). Nevertheless, Safe Auto rejects the trial court's determination that it must insure Duran for the collision that occurred while Badillo was operating her vehicle.

■ Safe Auto contends that Farm Bureau has not established a basis for vicarious liability, which Safe Auto argues requires a showing of a principal/agent or master/servant relationship. However, the collision occurred in Michigan, and in this circumstance its law governs the determination of tort liability.[1] Safe Auto concedes the Michigan statute "makes all vehicle owners vicariously liable for the negligence of their permissive users." Appellant's Brief at 3. The Michigan statute formed the basis of Trine's suit and eventual judgment against Duran. It is clear that Duran and Badillo, who were husband and wife, had the requisite relationship to establish vicarious liability on the part of Duran.

Safe Auto argues, even with vicarious liability established, it is "free to place restrictions on the coverage required by Indiana Code § 27–1–13–7(a)." *Id.* at 9. It relies upon *Culley v. Farm Bureau Mut. Ins. Co. of Ind.*, 224 Ind. 483, 487, 69 N.E.2d 19, 21 (1946), for the proposition that under the Indiana statute "liability for extension is subject to all other provisions of the policy which define the risks insured or excluded." We do not disagree that "[i]nsurance companies are free to limit their liability in a manner not inconsistent with public policy as reflected by case or statutory law," and that where "a plainly expressed exception, exclusion[,] or limitation in an insurance policy is not contrary to public policy, [an insurance company] is entitled to construction and enforcement as expressed." *Allstate*, 481 N.E.2d at 1098. Household exclusion provisions may be valid and enforceable limitations of liability coverage. *Id.*

■ In this instance, Safe Auto's exclusion of coverage for Badillo is valid, but not at issue. The household exclusion provision limits coverage, yet Duran's policy includes an exception to the household exclusion provision encompassing Indiana Code section 27–1–13–7. The code requires vicarious liability coverage for the vehicle's owner. The result is that the policy's incorporation of the statute, and the statute's applicability under the present facts, require Safe Auto to cover Duran even though her car was operated by Badillo, a person who would otherwise trigger the exclusion.

### III. Material Misrepresentation

■ The parties do not dispute that Duran omitted or misrepresented relevant

---

1. We note that the outcome may have been different had the collision occurred in Indiana, placing it within the purview of Indiana law regarding vicarious liability. However, as it is not the circumstance before us, we do not address that outcome.

facts to obtain an insurance policy from Safe Auto, or that she failed to notify Safe Auto of relevant changes while covered by the policy. Safe Auto contends that these omissions permit it to rescind Duran's coverage. Generally, an insurer has the right to void coverage due to fraud in making the policy, which "protects the insurer's right to know the full extent of the risk it undertakes when an insurance policy is issued." *Colonial Penn Ins. Co. v. Guzorek,* 690 N.E.2d 664, 672 (Ind.1997). "Accordingly, a material misrepresentation or omission of fact in an insurance application, relied on by the insurer in issuing the policy, renders the coverage voidable at the insurance company's option." *Id.*

In *Guzorek,* when applying for an auto insurance policy, the insured omitted that she was married and that her husband was a "customary operator" of the insured's vehicle. *Id.* at 673. Her husband was later involved in a collision and lawsuit, from which the insurance company learned of the insured's omission. On appeal, the supreme court affirmed summary judgment in favor of the insurance company, concluding it owed no duty to cover the insured's husband due to the material misrepresentation made at the time of the insured's policy application. *Id.* at 675.

■ Our supreme court, in *Guzorek,* outlined two definitions for the materiality of a misrepresentation. The first, "focus[ed] on whether the representation was false and material to the decision to issue the policy," questions whether "knowledge of the truth would have caused the insurer to refuse the risk or to charge a higher premium for accepting the risk." *Id.* at 672–73. If so, the misrepresentation is material and results in avoidance of the insurance contract. *Id.* Second, the su-

preme court looked to the circumstances where rescission is attempted after a loss has been incurred, measuring materiality against the loss. *Id.* at 673. As such, "coverage of the incurred loss would be voided if the misrepresentation affected that risk, but not all coverage would necessarily be voided." *Id.* In either case, "the materiality of the representation or omission is a question of fact to be resolved by the factfinder unless the evidence is such that there can be no reasonable difference of opinion." *Id.*

■ Here, materiality of Duran's misrepresentation is appropriately determined using the second measurement because Safe Auto is attempting rescission after a loss was incurred. Therefore, Duran receives the coverage and Safe Auto incurs the risks as they would have been had the facts represented in the application and relied on by Safe Auto actually been true. *Id.* at 673–74. There is no doubt that Duran's misrepresentation directly affected any coverage afforded to Badillo. Had the present action centered on liability coverage for Badillo, Duran's misrepresentation would have precluded any obligation on the part of Safe Auto. However, because the policy incorporated Indiana Code section 27–1–13–7 as an exception to the policy's exclusions, Safe Auto is still obligated to insure Duran against vicarious liability stemming from permissive users legally driving the insured vehicle. This is the basis for indemnification; Duran's misrepresentations about Badillo do not affect that risk. Because the evidence does not leave a reasonable difference of opinion as to the materiality of Duran's misrepresentation, we conclude that her omissions do not preclude liability coverage by Safe Auto.[2]

2. Safe Auto argues that "had Safe Auto known of [Duran's] residence in Michigan, it

would have been prevented by law from issuing her an Indiana policy. Had it also known

## Conclusion

Although Badillo is excluded from coverage under the terms of Duran's insurance policy, Indiana Code section 27–1–13–7 requires Safe Auto to insure Duran for vicarious liability arising from the negligence of a permissive user, even those otherwise excluded. In addition, Duran's misrepresentation at the time of her application for the policy does not affect Safe Auto's obligation to provide coverage for vicarious liability arising from the permissive use of the insured vehicle. We therefore affirm the trial court's grant of summary judgment in favor of Farm Bureau and denial of summary judgment in favor of Safe Auto.

Affirmed.

SHARPNACK, J., and NAJAM, J., concur.

---

Badillo was a resident and user of the vehicle, the premiums naturally would have increased." Reply Brief of Appellant at 4. We note that Duran's policy was issued during her residency in Indiana. Moreover, Safe Auto's assertions go to the first definition of materiality discussed in *Guzorek*, which we do not apply in this case.