**SAFE AUTO INSURANCE COMPANY,**
**Appellant–Plaintiff,**

v.

**FARM BUREAU INSURANCE COM-**
**PANY, Heather Duran, Brenda Trine**
**and Rodney Trine, Appellees–Defen-**
**dants.**

No. 44A03–0512–CV–594.

Court of Appeals of Indiana.

May 30, 2007.

Kirk A. Horn, Mandel Pollack & Horn, P.C., Carmel, IN, Attorney for Appellant.

John R. Obenchain, Brian M. Kubicki, Jones Obenchain, LLP, South Bend, IN, Attorneys for Appellees.

Karl Mulvaney, Barry Cope, Bingham McHale, LLP, Indianapolis, IN, Attorneys for Amicus Curiae Insurance Institute of Indiana.

## OPINION ON REHEARING

ROBB, Judge.

### Case Summary and Issues

In *Safe Auto Ins. Co. v. Farm Bureau Ins. Co., et al.*, 856 N.E.2d 156 (Ind.Ct. App.2006), we concluded that Indiana law required Safe Auto to cover the owner of a vehicle insured by it for vicarious liability and that misrepresentations made by the insured did not hinder the coverage. Safe Auto has petitioned for rehearing, raising the following issues:

1. Whether we improperly held that "an Indiana insurance statute is bound to employ an outside state's broader definition of vicarious liability, rather than that of the state where the law was made and the policy issued"; and

2. Whether we misapplied *Colonial Penn Ins. Co. v. Guzorek*, 690 N.E.2d 664 (Ind.1997), "and as a result, overruled decades of precedent allowing insurers to rescind policies for an insured's material misrepresentations made in the application."

Petition for Rehearing at 1–2. We grant rehearing for the purpose of addressing Safe Auto's arguments with respect to the misrepresentation issue.

### Facts and Procedural History

We briefly restate the facts: while a resident of Indiana, Heather Duran purchased an auto insurance policy from Safe Auto for a vehicle registered solely in her name. She did not inform Safe Auto at the time she applied for the policy that she was married to Juan Manuel–Duran Badillo or that he was a resident of her household, nor did she inform Safe Auto when she and Badillo subsequently moved to Michigan. On December 31, 2002, Badillo was driving Duran's vehicle in Michigan when he caused a collision in which he was killed and another motorist, Brenda Trine, was injured. Trine sued Duran pursuant to a Michigan statute imposing vicarious liability on Duran for Badillo's negligence while he was a permissive user of Duran's vehicle.

While Trine's action was pending, Safe Auto filed this action for declaratory relief regarding its coverage against Duran, Trine, and Farm Bureau, Trine's uninsured/underinsured motorist carrier. Trine obtained an agreed judgment against Duran for $50,000, with the condition that the judgment was enforceable only "against any company or entity that is obligated to provide insurance coverage" to her. Appellant's Appendix at 121. Trine settled with Farm Bureau for the amount of the judgment, and Farm Bureau then sought reimbursement from Safe Auto. Both Farm Bureau and Safe Auto filed motions for summary judgment in this action with regard to the issue of Safe Auto's indemnification of Duran. The trial court denied Safe Auto's motion and granted Farm Bureau's motion, ordering Safe Auto to insure Duran for liability to Trine based on Badillo's negligence. Safe Auto appealed, and we affirmed the trial court. *Safe Auto Ins. Co.*, 856 N.E.2d at 158.

Safe Auto has now petitioned for rehearing and Farm Bureau has responded. In addition, we have granted the Insurance Institute of Indiana's motion to appear as amicus curiae in support of Safe Auto's position with respect to the misrepresentation issue.[1]

### Discussion and Decision

Safe Auto, joined by the Insurance Institute, contends that we did not properly interpret or apply *Guzorek* when considering whether Duran's omissions or misrepresentations of material facts permitted Safe Auto to rescind her policy. We do not agree that we misinterpreted *Guzorek* in our original opinion. However, because of certain facts which were not made clear by any of the parties on original briefing, on rehearing briefing, or at the oral argument on rehearing, but which our additional review of the record has brought to light, we now agree that there was a material misrepresentation.

### I. *Colonial Penn Ins. Co. v. Guzorek*

In *Guzorek,* the insured omitted from her auto insurance application that she was married and that her husband, who had a suspended driver's license, was a "customary operator" of the vehicle. The husband was later involved in a collision and the insurer learned of the omission from the resulting lawsuit. On appeal, our supreme court affirmed summary judgment in favor of the insurer, concluding in part that the insured's husband was not covered due to the material misrepresentation made at the time of the application. 690 N.E.2d at 671. In so doing, the court outlined two definitions for the materiality of a misrepresentation: one, measuring the misrepresentation against the underwriting decision, and two, measuring it against the loss. Under the first view, the

insurer could rescind the policy even if the wife had been driving because the insurer asserted it would not have issued the policy at all if it had known about the husband. Under the second view, if the wife had been driving, coverage would be found because the insurer would retain those risks it knew it was accepting based on the information disclosed in the application. In other words, the insurer knew that it was insuring against the wife's negligence. However, it was the husband who was seeking coverage under the policy. The court concluded that "[u]nder either view, [the husband] is not covered because his existence as a spouse and his driving record are clearly material to the loss actually incurred." *Id.* at 674.

In applying *Guzorek* to the facts of this case, we held that "because Safe Auto is attempting recission after a loss was incurred," 856 N.E.2d at 161, the materiality of Duran's misrepresentation (that she was married, that her husband was a resident of her household, and that she had moved to Michigan) should be determined by application of the second measurement of loss described in *Guzorek:* the misrepresentation versus the loss.

We address first the Insurance Institute's contention that because the supreme court's discussion of a second approach to determining materiality is "inconsistent with long-settled Indiana law" relating to an insurer's right to rescind, it should not be followed by this court. Brief of Amicus Curiae at 10. We are not at liberty to disregard our state supreme court's precedent, and although the Insurance Institute calls the second approach dictum which we are not bound to follow, we disagree. Because the trial court in *Guzorek* found that

---

1. We held oral argument on Safe Auto's petition for rehearing on April 5, 2007, in India- napolis, Indiana.

the husband was covered by the policy, the court on appeal was presented with the issue of whether and to what extent the misrepresentations affected the policy coverage. As the court both set out and applied two distinct tests of materiality, we cannot say that the second approach is dictum. *Cf. Koske v. Townsend Eng'g. Co.,* 551 N.E.2d 437, 443 (Ind.1990) ("[S]tatements not necessary in determination of the issue presented are obiter dictum ... are not binding and do not become the law.").

Safe Auto contends our decision "nullif[ies] the substantial body of law permitting recission for misrepresentation in an insurance application, where the insurer need only show it would have charged a higher premium or denied coverage had it known the truth." Pet. for Reh'g at 7–8. Some confusion seems to have been engendered by our use of the phrase "because Safe Auto is attempting recission after a loss was incurred." 856 N.E.2d at 161. This language comes from *Guzorek,* wherein the supreme court stated that "[a] second approach to materiality in a case, such as this, where recission is attempted after a loss is incurred. ..." 690 N.E.2d at 673. We do not believe the supreme court was saying, nor did we intend to say, that the second approach was the only approach to be used when recission was attempted after a loss is incurred. As Safe Auto points out, recission prior to loss is rare, since the loss is often how the insurer learns of the misrepresentation. Pet. for Reh'g at 8. Clearly, both approaches are to be considered when an insurer seeks recission because of an alleged material misrepresentation discovered after a loss.

What we should have made more apparent in our original opinion, and what we write to clarify now, is that based upon the facts as originally represented to us, we could not apply the first approach in this case. Safe Auto contends now that if Duran had disclosed that Badillo was her husband and a resident of her household at the time of the application, or if she had disclosed her subsequent move to Michigan, Safe Auto would have charged a higher premium or cancelled the policy. However, the first time Safe Auto made this assertion to the trial court was at the summary judgment hearing, at which time counsel stated that "it would've amounted to a material misrepresentation because they would have charged a higher premium or they would've denied coverage or whatever." Tr. at 6. In its post-hearing brief, Safe Auto states that "[h]ad Safe Auto been aware of Badillo's presence in the insured's residence, it would no doubt have increased its premiums or denied coverage. Since Safe Auto does not issue insurance polices in Michigan, it would have also likely cancelled its insured's policy had it known the insured moved to [Michigan] shortly after the policy's inception." Appellant's App. at 152. In *Guzorek,* there was evidence that the husband had a suspended license at the time the insurance policy was issued and further, the insurer contended and the insured did not dispute that the insurer's underwriting guidelines prohibited writing policies for applicants or members of their household who had a suspended license within the previous five years. Here, however, there is no evidence in the record regarding Badillo's insurability and Safe Auto did not provide any evidence of its underwriting guidelines. We therefore had no basis on which to apply the first approach.

## II. Materiality of Misrepresentation

The parties have consistently stated that Duran purchased the policy at issue "while a resident of Indiana." *See* Appellant's App. at 13 (Safe Auto's Complaint for Declaratory Relief: "After the policy was issued, Duran moved to Michi-

gan ...."); at 38 (Farm Bureau's Memorandum in Support of Motion for Partial Summary Judgment: "While she was a resident of Indiana, Heather Duran purchased an automobile insurance policy from Safe Auto ...."); at 104 (Safe Auto's Memorandum of Law in Support of Motion for Summary Judgment; Opposition to Defendant's Motion for Partial Summary Judgment: "at the time of the accident, Safe Auto had issued a policy to Heather Duran ..., when she lived in Indiana."); at 141 (Affidavit of Heather [Duran] Perez–Ramirez: "Sometime before November of 2002, I purchased an insurance policy from Safe Auto Insurance Company.... In early November, 2002, Mr. Badillo and I moved from LaGrange, Indiana to Nottawa, Michigan."). From these references,[2] we were led to believe that the move and the accident both occurred in the same policy period. However, the policy declaration page provided to us in the record indicates that the policy period runs from December 26, 2002 to June 26, 2003. Therefore, our independent review of the record leads us to the conclusion that although Safe Auto initially issued a policy to Duran while she was a resident of Indiana, she moved to Michigan before the policy was renewed and it is the renewal policy that was in effect on the date of Badillo's accident.

We do not have before us the policy that was originally issued to Duran, so we cannot know what her obligations under that policy were with respect to notifying Safe Auto of changes occurring within the original policy period or what Safe Auto's rem-

edies would have been had Duran informed it of her move during that policy period. Nonetheless, the move occurred prior to a policy renewal, at which time Safe Auto essentially issued a new policy and could have declined to renew if it had known about Duran's state of residence. The policy in effect at the time of the accident provides that the premium for the policy term was determined by information in Safe Auto's possession at the inception date of the term and that Duran had a duty to inform Safe Auto of any change in, *inter alia*, garaging address of the vehicle. Appellant's App. at 29. Moreover, the policy provides that Safe Auto could, with at least a twenty day notice of cancellation, cancel the policy for changing place of residence to a state other than Indiana. *Id.* at 30. It is apparent that, even if Safe Auto could not have cancelled Duran's policy during the initial policy period if she had updated her information contemporaneously with her move, it could have declined to renew it, or cancelled the renewal policy upon subsequently learning of the move.

■ We stand by our original determination regarding Safe Auto's obligation under its policy language to cover Duran's vicarious liability. The policy agrees to indemnify Duran for vicarious liability and pursuant to a Michigan statute, she was vicariously liable for this claim.[3] For that reason, her omissions with regard to Badillo—the omissions primarily focused on by the parties—are not material, because Duran would have been vicariously liable re-

---

**2.** In addition to the references in the record, the parties' briefs to this court also contributed to the confusion. *See* Brief of Appellant at 3 ("At the time of the accident between Trine and Badillo, Safe Auto had issued a policy to Heather Duran ... when she lived in Indiana."); Brief of Appellee at 3 ("While she was still a resident of Indiana, Heather Duran

purchased an automobile insurance policy from [Safe Auto]....").

**3.** If, as Safe Auto contends, it did not intend to cover vicarious liability determined under standards other than Indiana's, it is free to draft an insurance agreement that clearly indicates this intention.

gardless of who was driving her vehicle. But also for that reason, her omission with regard to her move to Michigan *is* material. As Safe Auto has noted, the Michigan statute imposes vicarious liability that Indiana law, which would apply had the accident occurred here, would not. As the move preceded the policy renewal, Duran is not covered because her move to Michigan directly affected the risk accepted as well as the loss incurred. The trial court erred in granting summary judgment to Farm Bureau and in denying it to Safe Auto.

Reversed.

SHARPNACK, J., and NAJAM, J., concur.