471 P.2d 317

Jan **DYKEMAN** and her father, Jack Dykeman, Appellants,

v.

**MISSION INSURANCE COMPANY**, a corporation, Southwest Casualty Insurance Company, a corporation, Appellees.

No. 2 CA–CIV 730.

Court of Appeals of Arizona, Division 2.

July 1, 1970.

Rehearing Denied Sept. 4, 1970.

Review Denied Oct. 27, 1970.

Rees, Estes & Browning, by Paul G. Rees, Jr., Tucson, for appellants.

Lesher & Scruggs, by D. Thompson Slutes, Tucson, for appellees.

HATHAWAY, Judge.

This appeal is brought before us from a declaratory judgment action by Jan Dykeman and her father, Jack Dykeman, against the appellees Southwest Casualty Insurance Company and Mission Insurance Company.

In May of 1965 Mr. Dykeman purchased two policies of automobile insurance through Kaldenbaugh Insurance, Inc., agents of the appellees. The Southwest Casualty Insurance Company was the primary insurer, offering coverage for $10/20$ limits while the Mission Insurance Company was the excess insurer, affording $90/180$ policy limits.

On January 31, 1966, Jan Dykeman while in the insured vehicle was involved in an accident which occurred in Mexico about twenty to twenty-five miles south of Lukeville, Arizona, a United States port of entry. The Dykemans then brought this declaratory judgment action against the appellees claiming coverage under the insurance policies.

The coverage afforded by the excess insurer, Mission Insurance Company, is the same coverage as that of the Southwest

Casualty Insurance Company's policy.[1] The "Territory" clause of Southwest's policy, reads as follows:

"VIII. Policy Period, Territory, Purposes of Use.

This policy applies only to accidents which occur and to direct and accidental losses to the automobile which are sustained during the policy period, while the automobile is within the United States of America, its territories or possessions, or Canada, *or is being transported between ports thereof* and, if a 'described automobile' under insuring agreement IV, is owned, maintained and used for the purposes stated as applicable thereto in the declaration." [Emphasis added]

The accident, as we noted, occurred 20 to 25 miles within the boundaries of Mexico, when Jan Dykeman was apparently returning from a pleasure trip at Rocky Point, Mexico. She had left the United States at the Lukeville port of entry, and was returning to the Lukeville port of entry to return to the United States.

The appellants contend that these policies offer express coverage, stating the Dykeman automobile was being transported between a port of entry; or if express coverage is not applicable then the above territorial clause should be held to be ambiguous and construed against the insurers. We disagree with these contentions.

The phrase "transported between ports" carries along with it the connation that the automobile be carried from one port to another port; between two different places. *Golden Gate Scenic S. S. Lines v. Public Utilities Commission,* 57 Cal.2d 373, 19 Cal.Rptr. 657, 369 P.2d 257 (1962). This appears to be the clear and ordinary meaning of such a phrase, and the interpretation which an ordinary man would give to the phrase. The unabridged edition of Webster's Third New International Dictionary defines "transport" as "Carried or moved from one person or place to another."

"By usage, as well as by derivation, [transport] means to carry across." *McTyre v. United States,* 213 F.2d 65, 66 (5th Cir. 1954)

See, *Western Auto Transport v. City of Cheyenne,* 57 Wyo. 351, 120 P.2d 590, 591 (1942); *Herrera v. United States,* 208 F.2d 215, 218, n. 4 (9th Cir. 1954). See also, *Robertson v. Johnson,* 55 Cal.App.2d 610, 131 P.2d 388, 390, where an automobile was transported under its own power for use at its destination. Here, the purpose of the trip was to transport the occupants, not the car. Words in an exclusion clause in an automobile liability policy should be given that meaning which they ordinarily would have in order to effecutate the purpose of that exclusion. *State Farm Mutual Automobile Insurance Company v. Thompson,* (C.A.Ariz.1967) 372 F.2d 256.

The intention of the parties controls the construction and interpretation of insurance contracts, *Madrigal v. Industrial Commission,* 69 Ariz. 138, 210 P.2d 967 (1949); and the parties' intent should be effectuated with the contract enforced as made, and the insurer is required to pay damages only on property intended to be insured. *Queen Insurance Company v. Watson,* 31 Ariz. 340, 253 P. 440 (1927). A court will not expand the language of an insurance contract beyond its plain and ordinary meaning. *Peterson v. Hudson Insurance Company,* 41 Ariz. 31, 15 P. 2d 249 (1932).

It is evident that the automobile insured by Jack Dykeman was not being transported between ports as that phrase is used in the insurance policies, and thus there is no liability upon the insurers for the accident. An insurer may lawfully exclude certain risks from coverage and

---

1. In the Mission Insurance Company's policy it is stated:
"1. It is agreed that this policy, except as herein stated, is subject to all conditions, agreements and limitations of and shall follow the Primary Insurance named and indicated in item 3 of the declarations in all respects, * * *."

where the damage occurs under the circumstances as to which the policy excludes coverage, there is no coverage. Pacific Indemnity Company v. Kohlhase, 9 Ariz. App. 595, 455 P.2d 277 (1969).

Since we hold that this provision denies coverage to the appellants on both the primary and excess policies, we do not deem it necessary to consider the further contentions raised.

Judgment affirmed.

KRUCKER, J., and WILLIAM C. FREY, Judge of the Superior Court, concur.

NOTE: Judge LAWRENCE HOWARD having requested that he be relieved from consideration of this matter, Judge WILLIAM C. FREY was called to sit in his stead and participate in the determination of this decision.