546 P.2d 372

**Bernardo Haro ESTRADA and Mario Sanchez Avila, Appellants,**

v.

**PLANET INSURANCE COMPANY, a corporation, Appellee.**

**No. I CA–CIV 2786.**

Court of Appeals of Arizona, Division 1, Department A.

March 2, 1976.

Rehearing Denied March 29, 1976.
Review Denied April 13, 1976.

Robertson, Molloy, Fickett & Jones, P. C., by Michael J. Meehan, Tucson, for appellants.

Browder & Gillenwater, P. C., by Powell B. Gillenwater and O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by Richard J. Woods, Phoenix, for appellee.

## OPINION

OGG, Judge.

The appellee Planet Insurance Company as plaintiff in the superior court brought an action for declaratory judgment against appellants Estrada and Avila who were victims of an automobile accident in the Republic of Mexico to determine whether a policy of insurance issued by Planet Insurance covered any claims for personal injuries arising out of that accident. The trial court granted summary judgment to Planet Insurance, finding that the policy did not act to insure the driver of the vehicle which injured Estrada and Avila against liability arising out of the accident. Estrada and Avila now appeal from the order granting summary judgment to Planet Insurance.

The operative facts are that on June 6, 1970, Estrada and Avila suffered personal injuries when, as both men were standing between their respective vehicles parked on a roadside, an automobile driven by David Chamberlain struck one of the vehicles, pinning the appellants between the vehicles and causing them to be seriously injured.

The automobile which Chamberlain was driving had been rented by him the previous day in Guaymas, Sonora, Mexico, from a Mexican affiliate of Hertz Rental Company. On March 5, 1970, the plaintiff insurance company had issued to Chamberlain an automobile insurance policy which included an endorsement known as a "Mexican Coverage Endorsement." The significant portion of this endorsement reads:

It is agreed that such insurance as is afforded by the policy for Bodily Injury Liability; Property Damage Liability; Medical Payments; Comprehensive; Collision or Upset; Fire, Lightning and Transportation; Theft; Windstorm, Hail, Earthquake or Explosion; Combined Additional Coverage; and Towing and Labor Costs, with respect to any automobile insured hereunder, is extended to apply while the automobile is being used for trips into the Republic of Mexico, provided:

1. That the extended coverage provided herein shall be void unless the insured's place of residence is within the United States of America and the automobile covered by this policy is *principally garaged, maintained and used within the United States of America.* [Emphasis added]

The appellants argue on appeal that Chamberlain was covered with liability insurance under the policy for the damages brought about by the accident caused by Chamberlain. The policy in question covered the insured for damages "arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile." A non-owned automobile is defined by the policy as:

. . . an automobile not owned by or furnished for the regular use of either the named insured or any resident of the same household . . . but 'non-owned' does not include a temporary substitute automobile.

The appellants assert that the Mexican Coverage Endorsement, together with the non-owned automobile coverage, should be interpreted as meaning that the insured has the benefit of the non-owned automobile coverage in Mexico as long as the owned vehicle is "principally garaged, maintained and used within the United States of America."

Appellants further contend that the phrase in the Mexican Coverage Endorsement extending coverage to the insured vehicle "for trips into the Republic of Mexico" means that coverage extends to an automobile rented in Mexico used for excursions or trips within Mexico.

We do not agree with appellants' arguments. It is well settled that the words of an exclusion clause in an automobile policy should be given that meaning which it ordinarily would have in order to effectuate the purpose of that exclusion. *State Farm Mutual Automobile Insurance Company v. Thompson,* 372 F.2d 256 (C.A. Ariz.1967); *Dykeman v. Mission Insurance Company,* 12 Ariz.App. 432, 471 P.2d 317 (1970). Although we find no cases which interpret similar Mexican Coverage Endorsements, it is clear that the insurance company *did not* include in its coverage automobiles that were principally garaged, maintained and used in Mexico as was the automobile rented by Chamberlain. The insurer may lawfully exclude certain risks from the coverage of its policy. *Pacific Indemnity Company v. Kohlhase,* 9 Ariz. App. 595, 455 P.2d 277 (1969). It would seem reasonable to interpret the policy behind the "principally garaged" stipulation in the Mexican Coverage Endorsement to be that the insurer felt his risk would be increased if the insured was driving an automobile in Mexico which was being garaged, used and maintained in Mexico rather than in the United States.

The insurer could consider the likelihood that an automobile that was principally garaged in Mexico would have more mileage within Mexico than an automobile principally garaged in the United States that was used for occasional trips into Mexico. In comparing the risk factors for driving between the two nations the insurer could also consider the differences in road conditions, the level of the traffic law enforcement and the traffic hazards involved. We feel this was a reasonable exclusion clause within the policy.

Appellants would have us hold that Chamberlain's renting the automobile in Mexico and using it within Mexico brings the vehicle within the clause in the Mexican Endorsement which reads:

> Insurance . . . is extended to apply while the automobile is being used for trips *into* the Republic of Mexico . . . [Emphasis Added]

To so hold would, we feel, not only circumvent the rationale behind the Mexican Coverage Endorsement, but would also change the meaning of the word "into" which is defined as "a function word to indicate entry . . ." Webster's New Collegiate Dictionary (1975). Consequently, where the provision of the contract is plain and unambiguous on its face, it must be applied as written and the court will not pervert or do violence to the language used or expand it beyond its plain and ordinary meaning or add something to the contract which the parties have not put there. *Dairyland Mutual Insurance Company v. Andersen,* 102 Ariz. 515, 433 P.2d 963 (1967).

The language in the Mexican Coverage Endorsement is plain and unambiguous. An automobile which is rented in Mexico and principally maintained, garaged and used only within Mexico is excluded from coverage under the policy.

Affirmed.

DONOFRIO, P. J., and FROEB, J., concurring.