Raul **RUIZ** and Hermilinda Quesada De Ruiz, Appellants,

v.

**GOVERNMENT EMPLOYEES INSURANCE COMPANY,** Appellee.

No. 08–98–00311–CV.

Court of Appeals of Texas, El Paso.

Sept. 16, 1999.

Felipe D.J. Millan, El Paso, for Appellant.

Michael D. Stell, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, for Appellee.

Before Panel No. 4 BARAJAS, C.J., LARSEN, and McCLURE, JJ.

## *O P I N I O N*

ANN CRAWFORD McCLURE, Justice.

Raul Ruiz and Hermilinda Quesada de Ruiz (the Ruizes) appeal from the entry of a summary judgment in favor of Government Employees Insurance Company (GEICO). Finding no error, we affirm.

### STANDARD OF REVIEW

Effective September 1, 1997, the Texas Supreme Court adopted Texas Rule of Civil Procedure 166a(i). Rule 166a(i) provides:

> After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence. The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.

The new rule shifts the burden from the movant, who previously had to establish its right to summary judgment as a matter of law, to the respondent, who now must present sufficient summary judgment evidence to create a fact issue. Two recent opinions issued by the San Antonio Court of Appeals state the applicable standard of review for no-evidence summary

judgments: " 'A no-evidence summary judgment is essentially a pretrial directed verdict,' and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict." *Taylor–Made Hose, Inc. v. Wilkerson,* No. 04–97–01025–CV, 1999 WL 90021, at *2 (Tex.App.—San Antonio February 24, 1999, no pet. h.), *opinion on reh'g, quoting Moore v. K Mart Corporation,* 981 S.W.2d 266, 269 (Tex.App.—San Antonio 1998, writ denied); *see also* Judge David Hittner & Lynne Liberato, *Summary Judgments in Texas,* 34 Hous.L.Rev. 1303, 1356 (1998)(no evidence summary judgment is essentially pretrial directed verdict).

A no-evidence summary judgment is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See* Tex.R.Civ.P. 166a(i); *Merrell Dow Pharmaceuticals, Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997), *cert. denied,* 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998). If the evidence supporting a finding rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions, then more than a scintilla of evidence exists. *Havner,* 953 S.W.2d at 711. Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of fact, and the legal effect is that there is no evidence. *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex.1983); *Taylor–Made,* 1999 WL 90021, at *2.

Traditionally, summary judgment is proper if the record demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Tex. R.Civ.P. 166a(c). The purpose of summary judgment is the elimination of patently unmeritorious claims or untenable defenses; it is not intended to deprive litigants of their right to a full hearing on the merits of any real issue of fact. *Collins v. County of El Paso,* 954 S.W.2d 137, 145 (Tex. App.—El Paso 1997, pet. denied); *Gulbenkian v. Penn,* 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952). Unlike other final judgments reviewed on appeal, we do not review the summary judgment evidence in the light most favorable to the judgment of the trial court. *Collins,* 954 S.W.2d at 145; *Continental Savings Association v. Collins,* 814 S.W.2d 829, 831–32 (Tex.App.—Houston [14th Dist.] 1991, no writ). As explained in *Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985), the movant for summary judgment has the burden of showing there is no genuine issue of material fact and that it is entitled to summary judgment as a matter of law. In deciding whether there is a disputed material fact issue precluding summary judgment, all admissible evidence favorable to the non-movant will be taken as true; every reasonable inference must be indulged in favor of the non-movant, and all doubts resolved in the non-movant's favor. *Collins,* 954 S.W.2d at 145.

## FACTUAL SUMMARY

Reviewing the facts in the light most favorable to the nonmovant, on or about January 13, 1996, Hermilinda Quesada de Ruiz was driving her 1996 Nissan Maxima in Ciudad Juarez, Chihuahua, Mexico, when she was involved in an automobile accident. The accident occurred within ten miles of the United States/Mexico border. As a result of the accident, Mrs. Ruiz incurred medical expenses arising from her injuries. The Ruizes contacted GEICO to advise of the accident and inquire as to coverage. GEICO responded that in accordance with the Ruizes' policy, there was no coverage for the accident because it

occurred in Mexico. In May 1996, the Ruizes received a letter from GEICO denying any and all liability. The Ruizes filed suit on February 25, 1997, claiming that GEICO committed fraud because it negligently failed to disclose any limits of their coverage as it pertained to location. GEICO filed its motion for summary judgment which was granted by the trial court on July 9, 1998.

## THE POLICY

The insurance policy purchased by the Ruizes contains the following provision regarding the policy period and territory:

## POLICY PERIOD AND TERRITORY

A. This policy applies only to accidents and losses which occur:

1. During the policy period as shown in the Declarations; and

2. Within the policy territory.

B. The policy territory is:

1. The United States of America, its territories or possessions;

2. Puerto Rico; or

3. Canada.

This policy also applies to loss to, or accidents involving, **your covered auto** while being transported between their ports. [Emphasis in original.]

The Ruizes maintain that the trial court erred in granting GEICO summary judgment because the contract is ambiguous and a question of fact exists as to whether or not the policy precluded coverage for the damages they suffered.

## NEGLIGENT
## MISREPRESENTATION/FRAUD

■ Initially, the Ruizes claim that GEICO committed fraud and negligent misrepresentation by failing to disclose the limits of the policy. The Ruizes maintain that "[i]ts inconceivable that GEICO can market, promote, sell and collect premiums from drivers in the United States/Mexico border area and then, upon the occurrence of an accident on the Mexican side of the border, inform them that they are not covered in Mexico."

■ An insurance policy is a contract entered into between the parties whereby each party becomes bound by the terms of the agreement. *McCalla v. State Farm Mut. Auto. Ins. Co.*, 704 S.W.2d 518, 520 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). In *McCalla*, the insured was involved in an automobile accident in Jamaica and filed suit to recover insurance benefits from his insurance company. The Court granted summary judgment to the insurance company because the policy only covered accidents occurring in the United States and its territories and possessions, Puerto Rico and Canada. The Ruizes argue that *McCalla* is distinguishable because the accident in *McCalla* occurred in Jamaica and does not address the issue of whether or not individuals are entitled to coverage when they operate their vehicles in an area that could easily be foreseen by the insurer as the area in which the vehicle would be operated. We disagree. Texas courts have previously declined to impose on an insurance agent a duty to explain policy terms to an insured. *Garrison Contractors, Inc. v. Liberty Mut. Ins. Co.*, 927 S.W.2d 296, 300 (Tex.App.—El Paso 1996), *aff'd*, 966 S.W.2d 482 (Tex.1998). An insured has a duty to read the policy and, failing to do so, is charged with knowledge of the policy terms and conditions. *Id.* The insurance policy purchased by the Ruizes clearly does not cover losses incurred in Mexico. When the Ruizes purchased their insurance, they knew or should have known that it did not cover accidents which occurred outside the jurisdictional limits stated in the policy; specifically, that it did not cover accidents in

Mexico. *See McCalla*, 704 S.W.2d at 519. If the Ruizes wanted a policy that included coverage in Mexico, they could have negotiated with an insurer for this extended coverage and paid the requisite premium. *See McCalla*, 704 S.W.2d at 519–20. Having failed to do so, they are bound by the terms of the agreement.

## POLICY AMBIGUITY

 The Ruizes also argue that the language in the policy is ambiguous and could easily be interpreted by the insured as providing coverage while the vehicle was being transported "between ports of entry", of which there are five in the El Paso area. Whether a contract, like an insurance policy, is ambiguous is a legal question decided by examining the entire contract in light of the circumstances present when the parties entered into the contract. *State Farm Fire and Cas. Co. v. Vaughan*, 968 S.W.2d 931, 933 (Tex.1998). A policy is unambiguous as a matter of law if the court can give it a definite legal meaning. *Id.* On the other hand, if a policy is subject to more than one reasonable interpretation, we must adopt the construction most favorable to the insured when we resolve the uncertainty. *Id.* Not every difference in interpretation of a contract or an insurance policy amounts to an ambiguity. *Id.* Here, we must decide whether more than one reasonable interpretation exists about the term "ports." The Ruizes argue that the term could easily be interpreted to mean that the vehicle would be covered if traveling from one United States port of entry to another via Mexico. GEICO maintains that "port" does not mean port of entry.

While Texas has not addressed the specific issue of the definition of "ports," other jurisdictions have. In *California State Auto. Ass'n. Inter–Ins. Bureau v. Superior Court*, 177 Cal.App.3d 855, 223 Cal. Rptr. 246 (1986), an insured attempted to recover against his insurance company for damages sustained in an auto accident which occurred in Mexico. The insured unsuccessfully relied on the same language in his policy as do the Ruizes:

> Real parties argue that 'between their ports' applies to travel between two places in the United States over land outside the United States. That is not a permissible reading. Land travel between two places located within the United States is subsumed by the provisions covering accidents happening *within* the covered domains. The only other circumstance in which travel might occur between two such places is travel on or over water between such places. Travel over domestic waters is travel within the United States, considering it to include its territorial waters. That leaves only travel on or over international waters as the subject of 'between their ports', a necessary condition for transportation between certain states of the United States and between the United States and its possessions or territories. Giving 'port' its broadest permissible reading within the policy limits it to a seaport or other place within a covered domain from which such travel over international waters might occur.... [The insureds] could not reasonably have expected coverage under the policy during their vacation visit to Mexico.

*California State Auto. Ass'n. Inter–Ins. Bureau*, 177 Cal.App.3d at 860–61, 223 Cal. Rptr. at 248–49.

The issue was also addressed in *Dykeman v. Mission Ins. Co.*, 12 Ariz.App. 432, 471 P.2d 317 (1970). There, the insured was involved in an accident in Mexico approximately twenty to twenty-five miles south of the Lukeville, Arizona port of entry. She attempted to recover from her insurance company, again relying on the same language in her policy as the Ruizes. In *Dykeman*, the Court stated that

> The phrase 'transported between ports' carries along with it the connation [sic]

that the automobile be carried from one port to another port; between two different places. [Citations omitted.] This appears to be the clear and ordinary meaning of such a phrase, and the interpretation which an ordinary man would give to the phrase.

*Dykeman,* 12 Ariz.App. at 433, 471 P.2d at 318.

The territorial limits of the policy are unambiguous. If an accident occurred within the United States' boundaries, it would be covered by the policy. If an accident occurred within the boundaries of Puerto Rico, Canada, or any other United States territory or possession, it would be covered by the policy. If the automobile were being transported from the United States to Puerto Rico, or from Miami to the Port of Houston, and the carrier was sunk during a hurricane, the loss would be covered by the policy. We find no authority supporting the Ruizes contention that the language in their policy could be interpreted to mean that their vehicle would be covered when traveling from one United States port of entry to another via Mexico.

Even if we were to agree with their argument, we would nevertheless be constrained to affirm the summary judgment. The Ruizes conceded during oral argument that if Mrs. Ruiz had entered into Mexico and returned to the United States through the same port of entry, the accident would not be covered by the policy. There is no evidence in the record before us indicating which port or ports of entry were utilized by Mrs. Ruiz on the day of the accident. As this was a no-evidence summary judgment, the burden shifted to the Ruizes to present sufficient evidence to create a fact

issue. If their own interpretation of the contract requires the utilization of "different" ports of entry to trigger coverage under the policy, then it was their burden to present evidence to establish that different ports of entry were in fact utilized on the day of the accident in order to create the purported fact issue upon which they rely.

We overrule the sole point of error and affirm the summary judgment in favor of GEICO.

LARSEN, J., concurring.

SUSAN LARSEN, Justice, concurring.

The majority is clearly right on the law. I write briefly, however, to express my concern that a seller of Texas automobile insurance need not conspicuously point out to its insured that, although good in Puerto Rico and Canada, the policy it is selling is worthless five blocks away, in Ciudad Juarez.

Commonly, automobile insurance sold in El Paso includes an endorsement which allows casual travel in Mexico within twenty-five miles of the international border.[1] Although insurance companies are free to sell insurance limiting the coverage territory, and it would seem reasonable that some drivers would want to purchase such limited coverage, it also seems reasonable that such a choice must be an informed one. Conspicuous language warning the purchaser that the policy covers no travel outside the United States or Canada[2] seems like a simple addition, and one that would avoid misunderstandings such as the one that arose here. The legislature or

---

1. *See State Farm Mutual Auto. Ins. Co. v. Zubiate,* 808 S.W.2d 590, 594 (Tex.App.—El Paso 1991, writ denied).

2. The policy, on page 21, reads:
 The policy territory is:
 1. The United States of America, its territories or possessions;

 2. Puerto Rico; or
 3. Canada.
To the undersigned, listing Puerto Rico seems redundant, as it has been part of the United States since 1898.

State Board of Insurance would perform a service to all residents of the border in creating such a requirement.

For these reasons I concur.