# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 5, 2007

Charles R. Fulbruge III
Clerk

No. 07-30206

STEPHEN E CAMPBELL; JENNIE CAMPBELL

Plaintiffs-Appellants

v.

STONE INSURANCE INC

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana

Before JOLLY, HIGGINBOTHAM, and PRADO, Circuit Judges.

PRADO, Circuit Judge:

Plaintiffs-Appellants Stephen and Jennie Campbell (the "Campbells") appeal the order dismissing their case against Stone Insurance, Inc. ("Stone Insurance"), the insurance agent that procured their renters' insurance policy. The district court dismissed the Campbells' action pursuant to a Louisiana statute that requires the filing of a suit within one year of the plaintiffs' knowledge or constructive knowledge of the facts that led to the cause of action. For the following reasons, we AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Campbells moved to New Orleans, Louisiana, in June 2004. They rented a residence and retained Stone Insurance, an insurance agent, to procure renters' insurance. Stone Insurance procured insurance coverage through the Fireman's Fund Insurance Company ("Fireman's Fund"). The policy coverage began on July 16, 2004. Stone Insurance sent the Campbells the policy documents to review and a flood rejection form to sign on August 13, 2004. Stone Insurance included a cover letter that stated, in part, that by signing the enclosed flood rejection form, the Campbells were "acknowledging we discussed flood insurance and you do not want it at the present time." After reviewing the insurance documents, the Campbells found certain provisions ambiguous and asked for clarification. The Campbells allege that Stone Insurance assured them that the policy covered any potential damage, including flood damage. The Campbells also allege that Stone Insurance told them they could not obtain flood insurance through the National Flood Insurance Program because they were renters, not homeowners. On August 15, 2004, Stephen Campbell signed the enclosed flood rejection form, titled "Waiver of Agent's Responsibility," which stated that Stone Insurance offered flood insurance coverage in the "National Flood Program through Omaha Property & Casualty," that the Campbells rejected such coverage, and that Stone Insurance "will be held harmless and not liable in the event" of a flood loss.

On August 29, 2005, Hurricane Katrina hit New Orleans and caused massive flooding. Upon returning to their house, the Campbells found all of their belongings destroyed. They made a claim under the Fireman's Fund policy but found out that the policy did not cover flood damage. They also learned that they could have obtained coverage for flood damage under the National Flood Insurance Program as renters of a residence. On August 28, 2006, the Campbells brought suit in Louisiana state court against Fireman's Fund,

alleging that the policy should cover their damage, and against Stone Insurance, alleging that it misrepresented the extent of the Fireman's Fund coverage and the availability of other flood insurance coverage.

Stone Insurance and Fireman's Fund each filed a Notice of Removal to federal court. Although Fireman's Fund is a diverse party, Stone Insurance is not diverse. The Notices of Removal alleged that the Campbells had improperly joined Stone Insurance in the suit, thereby making the fact that Stone Insurance is not diverse irrelevant for subject matter jurisdiction. The Campbells filed a Motion to Remand and Stone Insurance filed a Motion for Summary Judgment. The district court granted Stone Insurance's motion and denied the Campbells' motion. The court held that a Louisiana statute "perempted" any claims against Stone Insurance, precluding any possibility of recovery.[1] The court ruled that for this reason, the Campbells had no viable causes of action and therefore had improperly joined Stone Insurance, leaving diversity jurisdiction intact against Fireman's Fund. The Campbells appeal the district court's order granting Stone Insurance's Motion for Summary Judgment and denying their Motion to Remand. Subsequent to the district court's order, the Campbells and Fireman's Fund settled, and the district court granted a joint motion to dismiss Fireman's Fund.[2] We have jurisdiction to review the district court's final judgment

---

[1] "Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period." LA. CIV. CODE ANN. art. 3458 (2007).

[2] The district court's action dismissing Fireman's Fund, the only diverse defendant, does not now defeat diversity jurisdiction. The district court is required to determine whether there is complete diversity only at the time the plaintiffs bring a suit or when the defendants remove a case to federal court. See Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991) (per curiam); see also Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) ("To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal."); Hegwood v. Ross Stores, Inc., No. 3:04-CV-2674, 2007 WL 2187245, at *6 n.3 (N.D. Tex. July 28, 2007) ("Settlement with Plaintiffs removed diversity, but the settlement did not divest the Court of jurisdiction since jurisdiction in federal court based on diversity of citizenship, once established,

pursuant to 28 U.S.C. § 1291.

## II. STANDARD OF REVIEW

This court reviews a district court's summary judgment order de novo. Morris v. Equifax Info. Servs., L.L.C., 457 F.3d 460, 464 (5th Cir. 2006). Summary judgment is appropriate when, after considering the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); Bulko v. Morgan Stanley DW, Inc., 450 F.3d 622, 624 (5th Cir. 2006). This court also reviews the denial of a motion to remand to the state court de novo. See Miller v. Diamond Shamrock Co., 275 F.3d 414, 417 (5th Cir. 2001).

To determine whether the district court correctly denied a motion to remand because the plaintiff improperly joined a nondiverse defendant to defeat subject matter jurisdiction, the court must analyze whether (1) there is actual fraud in pleading jurisdictional facts or (2) the plaintiff is unable to establish a cause of action against the nondiverse defendant. See Ross v. Citifinancial, Inc., 344 F.3d 458, 461 (5th Cir. 2003). The doctrine of improper joinder is a "narrow exception" to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a "heavy one." McDonal v. Abbott Labs., 408 F.3d 177, 183 (5th Cir. 2005) (quoting Griggs v. State Farm Lloyds, 181 F.3d 694, 701 (5th Cir. 1999)). Under the second prong (inability to establish a cause of action), the court must determine whether "there is arguably a reasonable basis for predicting that state law might impose liability." Ross, 344 F.3d at 462. "This means that there must be a reasonable possibility of recovery, not merely a theoretical one." Id. Further, the standard for evaluating a claim of improper

---

is not affected by subsequent events such as the elimination of parties essential to the creation of diversity jurisdiction at the time the action was filed."). But see 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

4

joinder is similar to that used in evaluating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Id. The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6) because the court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim. Id. at 462-63 (citing Travis v. Irby, 326 F.3d 644, 648-49 (5th Cir. 2003)). In conducting this inquiry, the court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." Id. at 463 (quoting Travis, 326 F.3d at 649). "In addition, the Court must resolve all ambiguities of state law in favor of the non-removing party." Id.

If the Campbells have no viable claims against Stone Insurance, then complete diversity existed between the Campbells and Fireman's Fund and the court properly denied the Motion to Remand. If the Campbells have a viable claim against Stone Insurance, however, then Stone Insurance must remain in the case and complete diversity is defeated. See Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004) (en banc) (noting that a party is improperly joined if the plaintiff would be unable to establish a cause of action against the nondiverse party in state court). Thus, the main issue in this case is whether the Campbells can establish a viable cause of action against Stone Insurance that would fall within the peremptive period.

## III. DISCUSSION

A. The district court properly granted Stone Insurance's Motion for Summary Judgment because LA. REV. STAT. ANN. § 9:5606 (2007) perempts all of the Campbell's claims

LA. REV. STAT. ANN. § 9:5606 provides, in relevant part:

No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within

5

one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

This "peremptive" period is only inapplicable in cases of fraud, which the Campbells do not allege, and "may not be renounced, interrupted, or suspended." Id. In sum, the statute requires a plaintiff to file suit against an insurer within one year of the plaintiff's knowledge or constructive knowledge of the act, omission, or neglect that led to the cause of action, and no later than three years after the act, omission, or neglect actually occurred. The fact that the plaintiffs may have renewed the insurance policy each year does not restart the one-year peremptive period. See Bel v. State Farm Mut. Auto. Ins. Co., 845 So. 2d 377, 382 (La. Ct. App. 2003). Here, the district court ruled that the Campbells had constructive knowledge of the alleged misrepresentations when Stone Insurance issued the policy in July 2004, making their suit fall outside of the peremptive period.

1. Claim for misrepresentation as to the extent of the Fireman's Fund policy

The Campbells argue that Stone Insurance misrepresented the extent of the Fireman's Fund insurance policy because Stone Insurance told them that the policy would cover damage from a flood. The district court ruled that the Campbells had not filed a timely claim under LA. REV. STAT. ANN. § 9:5606 for this allegation because "[a]ll of the insurance agent's alleged failures relate to procurement of the policy, which means the peremptive period commenced upon the policy's issuance with respect to these allegations." Therefore, the peremptive period began at the latest on August 15, 2004, when Stephen Campbell signed a document stating that the Campbells refused flood

6

insurance.[3]  Because the Campbells did not initiate their suit until August 28, 2006, their claim is barred by the one-year limit in the statute.

The Campbells do not challenge this decision, instead focusing their appeal on whether Stone Insurance misrepresented the availability of insurance through the National Flood Insurance Program.  Therefore, the Campbells have waived any argument challenging the district court's decision regarding the extent of their insurance.  See Robinson v. Guarantee Trust Life Ins. Co., 389 F.3d 475, 481 n.3 (5th Cir. 2004) ("Failure to adequately brief an issue on appeal constitutes waiver of that argument.").

Even if the Campbells had not waived this argument, however, the district court's conclusion was correct.  In Campo v. Correa, 828 So. 2d 502, 510-11 (La. 2002), the Louisiana Supreme Court explained that:

> A prescriptive period will begin to run even if the injured party does not have actual knowledge of facts that would entitle him to bring a suit as long as there is constructive knowledge of same. Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry. Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead. Such information or knowledge as ought to reasonably put the alleged victim on inquiry is sufficient to start running of prescription.[4]

---

[3] The district court ruled that the peremptive period began in July 2004 because that is when Stone Insurance issued the policy.  However, the peremptive period actually began in August 2004 when the Campbells read the policy and signed the flood rejection form, because that is when they should have known that any alleged misrepresentation contradicted the form that Stephen signed.  This difference is immaterial, because either way the Campbells filed their suit after the peremptive period had lapsed.

[4] Campo discussed a similar statute that included a "prescriptive period" for medical malpractice claims.  828 So. 2d at 508.  Although a "prescriptive period" differs from a "peremptive period" because prescription prevents the enforcement of a right by legal action but does not terminate the "natural obligation" while peremption forever extinguishes the right, see Reeder v. North, 701 So. 2d 1291, 1298 (La. 1997), the distinction is irrelevant for the standard of when a party has constructive knowledge of the action that begins the prescriptive or peremptive period.  Compare Campo, 828 So. 2d at 510-11 (using this language for a statute involving a prescriptive period for medical malpractice claims) with Dobson v. Allstate Ins. Co., No. 06-252, 2007 WL 854312, at *1 (E.D. La. Mar. 19, 2007) (citing Campo for this standard regarding LA. REV. STAT. ANN. § 9:5606 in a Hurricane Katrina insurance case) and Roadhouse Bar-B-Que, Inc. v. Certain Underwriters at Lloyds, 909 So. 2d 619, 623 (La. Ct. App. 2005)

Louisiana law imposes a duty on the insured to read and know his or her insurance policy provisions. See Motors Ins. Co. v. Bud's Boat Rental, Inc., 917 F.2d 199, 205 (5th Cir. 1990) (noting that claimants are responsible for reading the clear provisions of an insurance policy); Giardina v. Allstate Ins. Co., No. 06-6415, 2006 WL 3406743, at *4 (E.D. La. Nov. 22, 2006) ("Under Louisiana law, an insured has a duty to read his insurance policy and know its provisions.") (citing Stephens v. Audubon Ins. Co., 665 So. 2d 683, 686 (La. Ct. App. 1995)). Any claim regarding the extent of the Fireman's Fund policy involves whether the policy language itself included flood coverage. It is undisputed that the Campbells read their insurance policy documents because they asked for clarification on certain issues. Further, the cover letter Stone Insurance sent with the policy documents explicitly stated that by signing the enclosed flood rejection form "you are acknowledging we discussed flood insurance and you do not want it at this time." Because the Campbells read the cover letter and policy, and signed the flood rejection form, they had constructive knowledge of the contents of the policy at that time. Any misrepresentation from the agent stating that the policy included flood coverage would have contradicted the cover letter and the flood rejection form, which would have put the Campbells on constructive notice of the misrepresentation. See, e.g., Chagnard v. Cambre, Nos. 07-1754, 06-2613, 2007 WL 2229296, at *3 (E.D. La. Aug. 1, 2007) ("Knowledge of policy terms that directly contradict a statement by the agent who sold the policy is sufficient to excite attention and put the insured on guard. Thus, plaintiff knew or should have known of [the agent's] wrongful conduct as of the time his policy was first issued in 2004."). In the same way, the cover letter to the policy documents and the flood rejection form should have "excited attention" and put the Campbells "on guard" of any misrepresentation at least

(citing Campo for this proposition involving the peremptive period in § 9:5606).

8

by August 15, 2004.  Therefore, we hold that the one-year peremptive period ended in August 2005, well before the Campbells initiated the instant suit.

2. <u>Claim for misrepresentation as to the availability of flood coverage through the National Flood Insurance Program</u>

The Campbells contend that Stone Insurance misrepresented that they were ineligible for flood insurance under the National Flood Insurance Program because they were renters, not homeowners.  They assert that the district court either overlooked this argument or erroneously addressed it under the wrong standard.  The Campbells argue that they did not know they were eligible to obtain flood insurance through the National Flood Insurance Program until after Hurricane Katrina on August 29, 2005, making their complaint fall within the one-year peremptive period.  Stone Insurance responds that the district court implicitly rejected the Campbells' argument because Stephen Campbell signed the flood rejection form on August 15, 2004.[5]  Therefore, Stone Insurance asserts that the Campbells should have known of the availability of National Flood insurance or of any misrepresentations when Stephen signed the flood rejection form, making the one-year peremptive period end on August 14, 2005.

The flood rejection form that Stephen Campbell signed on August 15, 2004, stated that Stone Insurance "offered Flood Insurance Coverage, in the National Flood Program through Omaha Property & Casualty."  The Campbells do not contest that Stephen signed the form or that the form is valid.  Nor do the Campbells explain why Stephen signed a document that stated the exact opposite of what they allege Stone Insurance had told them.  At a minimum, this discrepancy should have provided enough to "excite attention and put the [Campbells] on guard and call for inquiry."  See Campo, 828 So. 2d at 510-11.  The Campbells had at least constructive knowledge that Stone Insurance had offered them flood insurance through the National Flood Insurance Program

---

[5] The district court did not mention the waiver, instead combining all of the Campbells' arguments and concluding that they all "relate to procurement of the policy, which means the peremptive period commenced upon the policy's issuance."

9

even if the agent told them otherwise because Stephen Campbell signed a document to that effect. Therefore, the peremptive period for this claim ended on August 14, 2005, one year after the Campbells signed the form that gave them constructive knowledge of the alleged misrepresentation. Because LA. REV. STAT. ANN. § 9:5606 preempts this claim, the Campbells do not have a viable cause of action against Stone Insurance, and the district court correctly granted Stone Insurance's Motion for Summary Judgment.

B. The district court correctly denied the Campbell's Motion to Remand because the Campbells improperly joined Stone Insurance

Because the peremptive statute bars the Campbells' claims, the Campbells have no viable causes of action against Stone Insurance. Therefore, the Campbells improperly joined Stone Insurance, leaving only Fireman's Fund, a diverse party, in the suit. See Smallwood, 385 F.3d at 574. Complete diversity exists between the Campbells and Fireman's Fund, meaning that the district court properly denied the Campbells' Motion to Remand.

## IV. CONCLUSION

We hold that the Campbells have no viable causes of action under Louisiana law against Stone Insurance because they had at least constructive knowledge of the alleged misrepresentations more than one year before they filed their suit. Therefore, the district court's judgment is affirmed.

AFFIRMED.