**WMS, LLC, Plaintiff,**

**v.**

**ALLIED PROPERTY & CASUALTY INSURANCE COMPANY, Robert Roten, Defendant.**

**NO. 5:17-V-78-DAE**

United States District Court, W.D. Texas, San Antonio Division.

Signed 03/23/2017

F. Blake Dietzmann, Law Office of F. Blake Dietzmann, San Antonio, TX, for Plaintiff

Lauren Leigh Burgess, Robert Glen Wall, Patrick M. Kemp, Segal McCambridge Singer & Mahoney, Ltd., Austin, TX, Thomas A. Culpepper, Thompson, Coe, Cousins & Irons, Dallas, TX, for Defendant

## ORDER DENYING MOTION TO REMAND

David Alan Ezra, Senior United States Distict Judge

Before the Court is Plaintiff WMS, LLC's ("Plaintiff" or "WMS") Motion to Remand. (Dkt. # 5.) Pursuant to Local Rule CV–7(h), the Court finds this matter suitable for disposition without a hearing. After careful consideration of the memoranda in support of and in opposition to the motion, the Court, for the reasons that follow, **DENIES** Plaintiff's motion.

## BACKGROUND

Plaintiff's state court petition alleges that it is the owner of a shopping center, including a convenience store and gas station, located at 5203 Eisenhauer Road, San Antonio, Texas 78218 ("the Property"). (Dkt. # 1–1 at 5.) Defendant Allied Property and Casualty Insurance Company ("Allied") insured the Property under a Premier Businessowners Policy ("the Policy"). (Dkt. # 8 at 1.) In 2008, Plaintiff procured the Policy through Allied's sales agent, Robert Roten. (Dkt. # 1–1 at 5.)

In February 2007, Plaintiff leased the convenience store and gas pumps on the Property to Eisenhauer Retail, Inc. ("Eisenhauer") for a term of twenty years. (Id.) According to Allied, Eisenhauer obtained its own insurance policy with Allied, which specifically covered the gas pump canopy on the Property. (Dkt. # 8 at 2.)

On April 12, 2016, the Property was allegedly damaged in a wind and hail storm. (Dkt. # 1–1 at 6.) Plaintiff and Eisenhauer both filed insurance claims with Allied under their respective policies. (Id.) According to Allied, it paid to repair the damage to the gas pump canopy under Eisenhauer's policy. (Dkt. # 8 at 2.) Apparently Plaintiff and Allied were unable to agree on the amount of loss for WMS's

claim, so Plaintiff invoked the appraisal provision of the Policy. (Id.; Dkt. # 1–1 at 6.) Subsequently, after appraisal, Allied paid an appraisal award to Plaintiff that deducted prior payment amounts it had already made and deducted the gas canopy damage amount because Allied determined that the Policy did not cover the canopy. (Dkt. # 1–1 at 6.)

On November 18, 2016, Plaintiff filed suit against Allied and Defendant Robert Roten (collectively, "Defendants") in the 224th Judicial District Court of Bexar County, Texas. (Dkt. # 1–1.) Plaintiff's petition alleges claims against Allied for breach of contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and breach of the duty of good faith and fair dealing. (Id.) Plaintiff's petition also alleges a claim against Roten for negligence relating to his procurement of WMS's policy. (Id. at 14.)

On February 2, 2017, Allied removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441. (Dkt. # 1.) Allied contends in the removal filing that Roten was improperly joined because the claim against him is barred by the applicable statute of limitations. (Id. at 4.) On March 3, 2017, Plaintiff filed a motion to remand. (Dkt. # 5.) On March 10, 2017, Allied filed a response in opposition. (Dkt. # 8.) Plaintiff filed a late reply on March 21, 2017.[1] (Dkt. # 10.)

### APPLICABLE LAW

"It is axiomatic that the federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation." Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996). Accordingly, a defendant may only remove a case over which the district court has original jurisdiction, either because of diversity of citizenship or the existence of a federal question. 28 U.S.C. § 1441(a); Halmekangas v. State Farm Fire & Cas. Co., 603 F.3d 290, 295 (5th Cir. 2010).

On a motion to remand, the removing party bears the burden of establishing that one of these bases of jurisdiction exists and that the removal was not procedurally defective. BEPCO, L.P. v. Santa Fe Minerals, Inc., 675 F.3d 466, 470 (5th Cir. 2012); Shearer v. Sw. Serv. Life Ins. Co., 516 F.3d 276, 278 (5th Cir. 2008). Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332(a); Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996); Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008). Because removal jurisdiction implicates federalism concerns, "[a]ny doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." African Methodist Episcopal Church v. Lucien, 756 F.3d 788, 793 (5th Cir. 2014) (internal quotation marks omitted) (quoting Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000)); Frank v. Bear Stearns & Co., 128 F.3d 919, 922 (5th Cir. 1997).

### DISCUSSION

Plaintiff moves to remand this action on the basis that Allied failed to timely file its notice of removal. (Dkt. # 5 at 2.) Plaintiff also contends that Allied has no evidence in support of its contention that Roten was improperly joined. (Id.) Allied responds that it timely removed the action to this Court once it realized that the case had become removable. (Dkt. # 8 at 5.) Allied asserts that this case was not removable

---

1. In accordance with Local Rule CV–7(f)(2), the reply was due on March 17, 2017.

until Roten pled the affirmative defense of statute of limitations in his answer on January 20, 2017, and that Allied acted within the time requirements under 28 U.S.C. § 1446(b)(3) to remove the action once that occurred. (Id.)

## A. Improper Joinder

To determine if an improper joinder has occurred, the Court must consider whether Plaintiff has stated a valid state law cause of action against Roten. "[A] removing defendant [need not] demonstrate an absence of any possibility of recovery"; instead, "the defendant must demonstrate only that there is no reasonable basis for predicting that the plaintiff will recover in state court." Gray ex rel. Rudd v. Beverly Enters.–Miss., Inc., 390 F.3d 400, 405 (5th Cir. 2004) (emphasis in original). A "mere theoretical possibility of recovery under local law" is not enough. Badon v. RJR Nabisco, Inc., 236 F.3d 282, 286 n.4 (5th Cir. 2000); accord Ross v. Citifinancial, Inc., 344 F.3d 458, 462 (5th Cir. 2003).

The Fifth Circuit has held that a court may conduct a Rule 12(b)(6) analysis when determining whether there is a reasonable basis for recovery against an in-state defendant. Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc), cert. denied, 544 U.S. 992, 125 S.Ct. 1825, 161 L.Ed.2d 755 (2005). Under this analysis, the Court may examine the allegations in the complaint to determine whether they state a claim under state law against the in-state defendant; he Court may also decide to conduct a summary inquiry after examining the pleadings. Id. at 573–74. Generally, if the pleadings survive a Rule 12(b)(6) analysis, then there is no improper joinder. Guillory v. PPG Indus., Inc., 434 F.3d 303, 309 (5th Cir. 2005). The state-court petition filed when the case is removed controls the analysis.

Bell v. Thornburg, 743 F.3d 84, 85–86 (5th Cir. 2014) (per curiam).

In determining whether the plaintiff has a reasonable basis for recovery on at least one claim under state law, the district court is limited to the causes of action and allegations asserted in the complaint. Campbell v. Stone Ins., Inc., 509 F.3d 665, 668–69 n.2 (5th Cir. 2007). The district court must resolve all factual disputes and ambiguities in favor of the plaintiff. McKee v. Kan. City S. Ry. Co., 358 F.3d 329, 333 (5th Cir. 2004). If the record reveals a reasonable basis for recovery on any single cause of action, a court must remand the entire suit to state court. Gray, 390 F.3d at 412 (presence of unavailing claims does not defect remand); Rainwater v. Lamar Life Ins. Co., 391 F.3d 636, 638 (5th Cir. 2004).

## B. Whether Allied's Notice of Removal Was Untimely

Plaintiff contends that Allied was served with the state court petition on November 28, 2016, and that Allied had thirty days under 28 U.S.C. § 1446(b)(1) to remove the action to this Court but failed to do so within that time. (Dkt. # 5 at 8.) Because Allied waited until February 2, 2017, over sixty days after it was properly served with process, Plaintiff argues that the case must be remanded for untimely removal. (Id.)

Allied argues in response that under 28 U.S.C. § 1446(b)(3), although the case was not initially removable when it was served with process, it became removable on January 20, 2017, when the other defendant, Roten, filed his answer and affirmative defense of limitations. (Dkt. # 8 at 4.) Since Allied filed the notice of removal within thirty days of January 20th, it asserts that the case was properly removed in accordance with § 1446(b)(3). (Id. at 5.)

Section 1446(b)(1) states that "[t]he notice of removal in a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). However, under § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or had become removable." Id. § 1446(b)(3).

Allied argues that Roten's answer and affirmative defense constitutes "other paper" under § 1446(b)(3), and therefore removal under that section was proper. (Dkt. # 8 at 5.) Plaintiff argues, however, that Allied's interpretation of that statute is incorrect because Allied did not first receive this "other paper" from the plaintiff. (Dkt. # 5 at 9.) Plaintiff contends that the "other paper" must be received by the defendant from the plaintiff in order to invoke removal jurisdiction under § 1446(b)(3). (Id.) Plaintiff asserts that removal was therefore untimely because the only document filed by Plaintiff in this case was its petition. (Dkt. # 10 at 2.)

Plaintiff relies on the Eleventh Circuit's opinion in Lowery v. Alabama Power Co., 483 F.3d 1184 (11th Cir. 2007), for support. (Dkt. # 5 at 9.) In Lowery, the Eleventh Circuit noted that "a case becomes removable when three conditions are present: there must be (1) 'an amended pleading, motion, order or other paper,' which (2) the *defendant must have received from the plaintiff* (or from the court, if the document is an order), and from which (3) the defendant can 'first ascertain' that federal jurisdiction exists. Id. at 1214 n.63 (quoting § 1446(b)) (emphasis added).

Nevertheless, Plaintiff does not cite any Fifth Circuit or district court case from this circuit that requires a removing defendant first receive the "other paper" specifically from the plaintiff. (See Dkt. # 5.) In fact, the statute itself does not require this action, only that "a notice of removal be filed within 30 days after receipt by the defendant, through service or *otherwise*." See § 1446(b)(3) (emphasis added). Because the statute does not clearly require that a defendant first receive the "other paper" from a plaintiff before filing a notice of removal under this statute, the Court declines to adopt such a narrow interpretation. The Court will deny Plaintiff's motion to remand based on any untimeliness argument.

## C. Whether Roten was Improperly Joined

■ Plaintiff next contends that although Roten has pled the affirmative defense of limitations, the Court must remand this action because there is still a possibility that Plaintiff might survive that affirmative defense and recover against Roten on its negligence claim. (Dkt. # 5 at 10.) Plaintiff argues that the petition specifically alleges a time within the applicable limitations period. (Id. at 11.) As evidence, Plaintiff has attached an email Roten sent to WMS on October 19, 2016, which Plaintiff contends forms the basis of its negligence claim. (Id. at 13; see Exhibit F.) Plaintiff contends that this email misrepresents the coverage that was allegedly provided in his April 2014 "Acord" Evidence of Property Insurance. (Id.; see Exhibit E.) Additionally, because the Policy renews on a yearly basis, Plaintiff asserts that the action pled against Roten is clearly within the applicable statute of limitations for negligence claims. (Dkt. # 5 at 13.)

In response, Allied requests that the Court not conduct a summary-type inquiry into the record to determine if Plaintiff may recover against Roten. (Dkt. # 8 at 7.) Allied contends that the Court is limited to reviewing the pleadings in Plaintiff's petition to determine if there is any possibility of recovery in state court for Plaintiff's negligence claim against Roten. (Id.) The Court agrees. The Fifth Circuit has stated that "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Smallwood, 385 F.3d at 573–74. The Court finds that the summary inquiry is not necessary in this case, as it does not appear that the parties have misstated or omitted any discrete facts.

Plaintiff's petition alleges that the Property was insured by Roten, and covered under the Policy, since 2008. (Dkt. # 5–7 at 4.) Plaintiff further alleges that on April 11, 2014, Roten sent an "Acord–Evidence of Property" which states that coverage was extended for "[b]uildings, [p]umps, & [c]anopy." (Id.) Additionally, Plaintiff alleges that Roten "failed to negligently procure coverage for Plaintiff's canopy above the gas pumps, despite [Roten's] representation to Plaintiff that all Plaintiff's property was covered under" the Policy with Allied. (Id. at 13.) Plaintiff asserts that as a result of Roten's negligence, the damages to the Property from the April 12, 2016 hail storm were not properly paid by Allied. (Id. at 14.)

In Texas, "[a] cause of action based on an insurer's misrepresentation or failure to disclose in connection with the sale of an insurance policy accrues when the policy is issued." Steadfast Ins. Co. v. SMX 98, Inc., No. H-06-2736, 2009 WL 890398, at *16 (S.D. Tex. Mar. 30, 2009) (citing Mauskar v. Hardgrove, No. 14-02-00756-CV, 2003 WL 21403464, at *3 (Tex. App.—Houston [14th Dist.] June 19, 2003, no pet.)). "An insured has a duty to read the policy and is charged with knowledge of the policy's terms and conditions." Id. (citing Ruiz v. Gov't Emps. Ins. Co., 4 S.W.3d 838, 841 (Tex. App.—El Paso 1999, no pet.); Amarco Petroleum, Inc. v. Tex. Pac. Indem. Co., 889 S.W.2d 695, 699 (Tex. App.—Houston [14th Dist.] 1994, writ denied)). "When the insured receives the written policy, it has sufficient facts in its possession to seek a legal remedy based on an alleged misrepresentation about the policy by the insurer." Id. (citing Mauskar, 2003 WL 21403464, at *3). Additionally, "[a]n insurance agent ... has no duty to explain the policy terms to an insured." Mauskar, 2003 WL 21403464, at *4. A cause of action for negligent procurement is subject to a two-year statute of limitations. See Tex. Civ. Prac. & Rem. Code § 16.003.

Here, the Court finds that Plaintiff's petition alleges a negligent procurement claim against Roten stemming from events that occurred in 2008, when the Policy was first issued.[2] (Dkt. # 5–7 at 4, 13.) The petition also alleges that, at the latest, Roten negligently misrepresented the Policy provisions in the April 11, 2014 "Acord–Evidence of Property" document. (Id. at 4.) However, since Plaintiff did not file the instant action until November 18, 2016, both of these dates are outside of the applicable limitations period of two years for such negligence claims against an insurer. The Court therefore concludes that there is no reasonable basis to believe that Plaintiff will be able to recover from Roten in state court. Because Allied has met its burden to show that Roten was improperly

---

2. Although Plaintiff contends the Policy was renewed on a yearly basis, Plaintiff does not allege that any terms or covered items under the Policy were changed since the Policy's issuance in 2008. (See Dkt. # 5 at 13.)

joined, Plaintiff's motion to remand is denied. .

CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion to Remand and its associated request for attorney's fees. (Dkt. # 5.)

**IT IS SO ORDERED.** ·

